## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MAX A. RADY,

               Plaintiff,

v.

BOSTON CONSULTING GROUP, INC., DE
BEERS PLC, D/B/A DE BEERS GROUP,
ANGLO AMERICAN PLC,  ORIGYN
FOUNDATION, DE BEERS JEWELLERS
(US), INC., SIGNET JEWELERS,
BRILLIANT EARTH INC, DE BEERS UK
LIMITED, ORIGYN RESEARCH USA LLC
PAN-INDUSTRIAL LLC, PAN
INDUSTRIAL PLATFORMS LLC, AND
PAN INDUSTRIAL SERVICES LLC

               Defendants.

CASE NO. 4:25-cv-4031

Judge: Lee H. Rosenthal

## DEFENDANTS PAN-INDUSTRIAL LLC, PAN INDUSTRIAL PLATFORMS LLC, AND PAN INDUSTRIAL SERVICES LLC'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................2

    a.      The Minimal Facts Alleged as to Pan Industrial in the First Amended
        Complaint...................................................................................................2

    b.      Pan Industrial Defendants' Actual Status and Operation .....................4

III.    LEGAL STANDARDS ...........................................................................................5

    a.      Lack of Personal Jurisdiction Under Rule 12(b)(2)..............................5

    b.      Improper Venue Under Rule 12(b)(3) and 28 U.S.C. § 1400(b)..........6

    c.      Failure to State a Claim Under Rule 12(b)(6)......................................7

IV.     ARGUMENT ...........................................................................................................7

    a.      The Court Lacks Personal Jurisdiction Over Pan Industrial................7

        i.      The Exercise of General Personal Jurisdiction Over the Pan Industrial
                Defendants Would Violate Due Process. ..................................8

        ii.     Specific Personal Jurisdiction Over the Pan Industrial Defendants
                Cannot Be Established. ............................................................11

    b.      Venue is Improper Under 28 U.S.C. § 1400(b)..................................13

        i.      The Pan Industrial Defendants Do Not "Reside" in This District. ............13

        ii.     The Pan Industrial Entities Did Not Commit Acts of Infringement or
                Have a Regular and Established Place of Business in this District. ..........14

    c.      Plaintiff's Claims for Infringement Against the Pan-Industrial Defendants
        Should be Dismissed for Failure to State a Claim. ...............................16

    d.      The FAC Fails to State a Claim for Inducement to Infringement......................17

V.      CONCLUSION......................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779 (S.D. Tex. 2012)................................................................................................................................ 6

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000) .............................................. 10

*Asahi Metal Indust. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987)...................................... 12

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .............................................................................. 7, 18, 19

*Associated Energy Grp., LLC v. Air Cargo Germany GMBH*, 24 F. Supp. 3d 602 (S.D. Tex. 2014)............................................................................................................................ 10, 12

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ........................................................................................................... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................... passim

*Board of Regents, The U. of Tex. Sys. et al. v. Medtronic, PLC, et al.*, No. 1:17-cv-00942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) .......................................................................... 14

*Burger King Corp. v. Rudzewicx*, 471 U.S. 462 (1985)........................................................... 5, 6

*Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550 (W.D. Tex. Oct. 26, 2015) ............ 8

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)........................................................ 19

*Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557 (5th Cir. 2013) ............................... 5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................................................................................................... 18, 19

*Corydoras Techs., LLC v. Apple Inc.*, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)...... 18, 19, 20

*Criswell v. Lumpkin,* H-20-3108, 2022 WL 1692832 (S.D. Tex. May 26, 2022)........................... 7

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.,* 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)........................................................................................................................... 18, 20

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ...................................................................... passim

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004)........................ 17

*Fernandez v. Soberon*, No. CIV.A. H-13-0325, 2013 WL 2483345 (S.D. Tex. June 10, 2013).... 6

*Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957) ....................................... 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ...................................... 9

*Grober v. Mako Prods., Inc.*, 686 F.3d 1335 (Fed. Cir. 2012) ................................................. 6, 7

*In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017) ............................................................... 7, 14, 15

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018) ...................................................................................... 7

*Intercarrier Commc'ns, LLC v. WhatsApp,* Inc., No. 3:12-cv-776-JAG, 2013 WL 5230631 (E.D. Va. Sept. 13, 2013) .................................................................................. 13

*IPVX Patent Holdings, Inc. v. Broadvox Holding Co., LLC*, No. 6:11-CV-575, 2012 WL 13012617 (E.D. Tex. Sept. 26, 2012) ........................................................................ 12

*LoganTree LP v. Garmin Int'l, Inc.*, No. SA–17–CA–0098–FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017) ................................................................................... 15

*Magnacoustics, Inc. v. Resonance Tech. Co.*, 132 F.3d 49 (Table), No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) ....................................................................... 14

*Momentum Eng'g, LLC v. Tabler*, No. 14-18-00002-CV, 2018 WL 4037411 (Tex. App. Aug. 23, 2018) ........................................................................................... 8

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ................................................. 5

*New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032 (Fed. Cir. 2017) ................ 5, 6

*North Star Innovations, Inc. v. Toshiba Corp.*, No. 16-cv-115-LPS, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ...................................................................................... 17, 18

*NovelAire Techs., LLC v. Munsters AB*, No. 13 Civ. 472(CM), 2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013) ................................................................................... 13

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) ..7, 8, 10, 11

*Realtime Data LLC v. Acronis, Inc.*, No. 6:17-CV-118 RWS-JDL, 2017 WL 3276385 (E.D. Tex. July 14, 2017), *report and recommendation adopted*, No. 6:17-CV-118 RWS-JDL, 2017 WL 3267942 (E.D. Tex. Aug. 1, 2017) ................................................................. 15

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ................................................................................ 17

*Sefton v. Jew*, 201 F. Supp. 2d 730 (W.D. Tex. 2001) ................................................................. 12

*Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018) ........................ 7, 13

*Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325 (5th Cir. 2014) ..................... 10

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) ....................................................... 8

*Symbology Innovations, LLC v. Lego Sys., Inc*., 282 F. Supp. 3d 916 (E.D. Va. 2017).............. 14

*TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017)................. 2, 7, 13

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-CV-2961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024), *reconsideration denied*, No. CV H-23-2961, 2024 WL 3378456 (S.D. Tex. July 11, 2024) (Rosenthal, J.)............................................................................................ 6

*Wet Sounds, Inc. v. PowerBass USA, Inc.,* No. CV H-17-3258, 2018 WL 1811354 (S.D. Tex. Apr. 17, 2018) ................................................................................................................ 16

## Statutes

28 U.S.C. § 1400................................................................................................... passim

35 U.S.C. § 271(a) ................................................................................................ 2, 16

## Other Authorities

14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3823, at 148–49 (4th ed.) ................................................................................................................... 15

## Rules

Fed. R. Civ. P. 12(b)(2) ....................................................................................... 1, 20

Fed. R. Civ. P. 12(b)(3) ....................................................................................... 1, 20

Fed. R. Civ. P. 12(b)(6) ...................................................................................... passim

Defendants Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC (collectively, "the Pan Industrial Defendants") respectfully submit this Motion to Dismiss Plaintiff Max A. Rady's First Amended Complaint for Patent Infringement and Correction of Inventorship (the "FAC") for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400, and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

Defendants Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC are all Delaware limited liability companies with their principal place of business in California. (FAC ¶¶ 4, 17; Schwartz Decl. ¶¶ 2-4.) None of these entities have any offices, employees, property, or registered agent in Texas, and none of them make, use, offer to sell, sell, or import any products anywhere. (Schwartz Decl. ¶¶ 2-10.)

The FAC attempted to tack on these Pan Industrial entities as defendants and incorporates them into broad allegations directed at the current "Defendants" or "Pan Industrial" collectively, but contains no specific factual allegations against any of these Pan Industrial entities. The FAC contains no factual basis to plausibly support the allegations that Pan Industrial Defendants are subject to personal jurisdiction in this Court, that venue is proper in this District, or that the Pan Industrial Defendants committed any act of infringement at all. Nor could it.

*First*, this Court does not have personal jurisdiction over the Pan Industrial Defendants. Notably absent from the FAC are any facts supporting that any of the Pan Industrial Defendants, limited liability companies incorporated in Delaware and headquartered in California, have sufficient contact with Texas. Because the Pan Industrial Defendants indisputably do not have sufficient minimum contacts with Texas, there is no personal jurisdiction here.

*Second,* venue is not proper in this District. Venue in a patent case is proper only if the defendant (i) is incorporated ("resides") in the district, or (ii) has committed an act of infringement in the district and has a "regular and established place of business" there. 28 U.S.C. § 1400 (b); *see also TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517, 1518–19 (2017). The FAC recognizes that the Pan Industrial Defendants do not reside in this District and contains no allegation that the Pan Industrial Defendants have any place of business here—much less one that is sufficiently regular and established for proper venue.

*Finally*, even if jurisdiction and venue were proper—which they are not—the FAC fails to state a claim against the Pan Industrial Defendants upon which relief can be granted. To adequately state a claim for patent infringement, Plaintiff must allege facts supporting that each Pan Industrial Defendant "makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). The FAC contains no such allegation because the Pan Industrial Defendants do not engage in any of these acts. Thus, the FAC does not—and cannot—state the requisite "claim to relief that is plausible on its face" against the Pan Industrial Defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff's allegations against Pan Industrial should be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

### a.  The Minimal Facts Alleged as to Pan Industrial in the First Amended Complaint

Pan Industrial was not named in the original complaint filed in this case. The FAC contains over 213 paragraphs and spans 69 pages, but Pan Industrial only appears in 9 of those paragraphs, often tacked on to allegations about Defendant Origyn Foundation. ("Origyn") (FAC

¶¶ 4, 17, 52, 54, 138, 152, 163, 170, 184).[1] The FAC alleges that Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC infringe two patents: U.S. Patent Nos. 12,375,261 ("the '261 patent"), and 12,401,496 ("the '496 patent"). (FAC ¶ 138.) The FAC identifies two products, Tracr and the Origyn Minting Box, that "Defendants" allegedly use, offer for sale, sell, make and/or distribute. (*Id.* ¶ 138.) However, the FAC does not allege any facts supporting that the Pan Industrial Defendants engage in any of these activities. (*See id.*)

The FAC contains only boilerplate jurisdiction and venue allegations. Regarding jurisdiction, the FAC generically alleges that "Defendants," collectively "do continuous, and systematic business in Texas and in this district, such as the importing, marketing, selling, distributing, and using of infringing devices." (*Id.* ¶ 14.) These are mere boilerplate legal conclusions unsupported by any specific facts about the Pan Industrial Defendants. (*See id.*)

Regarding venue, the FAC alleges—on "information and belief"—that the Pan Industrial Defendants "regularly conduct business in this District out of BCG's [Boston Consulting Group Inc.'s] Houston offices at 1221 McKinney Street, #3000, Houston, Texas 77010" and "manufacture, import into, offer for sale, sell, and/or encourage others to use an infringing asset scanning machine, the Origyn Minting Box." (*Id.* ¶ 17.) As demonstrated below, these allegations are both conclusory and factually false.

The FAC's allegations regarding Pan Industrial are both vague and misleading: (1) Plaintiff alleges that the Pan Industrial Defendant "operate out of BCG's Houston office" on "information and belief" only—not based on direct knowledge or specific factual allegations about Pan Industrial's activities; (2) the FAC provides no timelines for when each Pan Industrial Defendant was formed, when each began its activities, what specific products or services each

---

[1] An excerpt of the FAC highlighting the few allegations naming Pan Industrial Defendants is attached hereto as Exhibit A.

offers, or what involvement, if any, each Pan Industrial Defendant had in the development or commercialization of Tracr or the Origyn Minting Box; (3) the FAC fails to allege any direct dealings between Plaintiff and any Pan Industrial Defendant, any disclosures of Plaintiff's invention to Pan Industrial, or any specific knowledge by Pan Industrial of Plaintiff's patents. *Finally,* the FAC contains no allegation that Pan Industrial is a subsidiary, agent, or affiliate of BCG or any other named defendant.

### b.  Pan Industrial Defendants' Actual Status and Operation

In actuality, Pan Industrial Platforms LLC is a Delaware limited liability company formed as a passive holding company. (Schwartz Decl. ¶ 4.) It holds assets and equity interest in other entities but conducts no independent business operations, manufactures no products, provides no services, and employs no personnel. (*Id.* ¶ 4.) Its principal place of business is California. (*Id.*.) Pan Industrial Platforms LLC maintains no offices, employees, or registered agent in Texas; it does not own or lease any real property in Texas; and none of its officers or managers reside in Texas. (*Id.* ¶¶ 4, 9.) Pan Industrial Platforms LLC's sole connection to Texas is that a member of less than 30% ownership interest the company lives in Texas. (*Id.* ¶ 4.)

Pan Industrial LLC is no longer an active entity. On November 25, 2024, Pan Industrial LLC changed its name to Pan Industrial Services LLC. (Schwartz Decl. ¶ 2.) Pan Industrial Service LLC, like Pan Industrial Platforms LLC, is a Delaware limited liability company with its principal place of business in California. (Schwartz Decl. ¶ 3.) It does not manufacture, use, sell, offer to sell, or import any products; it does not maintain any operations in Texas; and does not have any employees, offices or registered agents in Texas; it does not own or lease any real property in Texas; and none of its officers or managers reside in Texas. (*Id.* ¶ 3.) Pan Industrial Platforms LLC's sole connection to Texas is that one member with less than 30% ownership interest in the company lives in Texas. (*Id.*)

### III.    LEGAL STANDARDS

#### a.    Lack of Personal Jurisdiction Under Rule 12(b)(2)

Federal courts do not have jurisdiction over a nonresident defendant unless (1) the nonresident defendant has purposefully established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with fair play and substantial justice. *Burger King Corp. v. Rudzewicx*, 471 U.S. 462, 475-76 (1985).[2] The plaintiff bears the burden of establishing that this Court has personal jurisdiction over each defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). To do so here, Rady must show: (1) the long-arm statute of Texas confers personal jurisdiction over each Pan Industrial Defendant; and (2) the exercise of personal jurisdiction comports with due process. *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017). Because Texas's long-arm statute extends to the limits of federal constitutional due process, the jurisdictional inquiry reduces to whether minimum contacts satisfy constitutional due process. *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

There are two categories of personal jurisdiction: (1) general jurisdiction, which exists only if a defendant's contacts with the forum are "so constant and pervasive as to render [it] essentially at home in the forum State," *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal quotations and citations omitted), and for limited liability companies is ordinarily limited to their state of corporation and principal place of business, *id.* at 137; and (2) specific jurisdiction, which requires that defendant "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those

---

[2] The Federal Circuit governs the issue of personal jurisdiction in patent related cases. *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343 (Fed. Cir. 2002); *Hildenbrand v. Steck Manufacturing Co., Inc.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002).

activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted); *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citation omitted). The Federal Circuit has articulated those requirements in the form of a three-part test: (1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities in the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair. *New World Int'l, Inc.*, 859 F.3d at 1037. Even if those minimum contacts are sufficient, the defendant may point to other factors "to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476.

**b.  Improper Venue Under Rule 12(b)(3) and 28 U.S.C. § 1400(b)**

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss for improper venue. "Once a defendant files a Rule 12(b)(3) motion challenging venue, the burden of sustaining venue lies with the plaintiff." *Fernandez v. Soberon*, No. CIV.A. H-13-0325, 2013 WL 2483345, at *2 (S.D. Tex. June 10, 2013). "In deciding whether the venue is proper, the court may look at evidence in the record beyond those facts alleged in the complaint and its admissible attachments." *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-CV-2961, 2024 WL 1313899, at *2 (S.D. Tex. Mar. 27, 2024), *reconsideration denied*, No. CV H-23-2961, 2024 WL 3378456 (S.D. Tex. July 11, 2024) (Rosenthal, J.) (quoting *AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012)).

Proper venue in a civil action for patent infringement is exclusively controlled by 28 U.S.C. § 1400 (b). *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957). c a suit to be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of section 1400(b), limited liability companies reside only in

their State of organization. *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 941 (E.D. Tex. 2018) (citing *TC Heartland*, 137 S. Ct. at 1521).

To meet the second prong of the venue statute, the plaintiff must establish defendant has committed alleged acts of infringement in the district and: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### c.  Failure to State a Claim Under Rule 12(b)(6)

Courts dismiss complaints that fail to plead a plausible claim for relief. Fed. R. Civ. P. 12(b)(6). While courts treat well-pled facts as true, threadbare recitals of statutory elements, unsupported by factual allegations, do not suffice. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662, 2018 WL 6804804, at *1 (E.D. Tex. Sept. 24, 2018)(courts "need not accept as true legal conclusions couched as factual allegations."). To avoid dismissal, a complaint must "set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Criswell v. Lumpkin,* H-20-3108, 2022 WL 1692832, at *2 (S.D. Tex. May 26, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV.    ARGUMENT

### a.  The Court Lacks Personal Jurisdiction Over Pan Industrial.

Dr. Rady bears the burden of establishing personal jurisdiction over each Pan Industrial Defendant with well-pleaded, non-conclusory facts. *Grober*, 686 F.3d at 1356; *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Although the Court must accept Dr. Rady's well-pleaded factual allegations as true, it is not required to "credit conclusory allegations, even if uncontroverted." *Panda Brandywine*, 253 F.3d at 869. Dr. Rady's

allegations regarding jurisdiction—that the Pan Industrial Defendants "regularly conduct business" in Texas and "manufacture, import into, offer for sale, sell, and/or encourage others to use" the accused device, (FAC ¶ 17)—are conclusory and unsupported by any Pan Industrial-specific facts. (*See* FAC ¶¶ 14, 17.)

Dr. Rady is required to allege facts showing nonresidents Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC each reside in, or has sufficient minimum contacts with, Texas. *See Panda Brandywine*, 253 F.3d at 868 (citing *Burger King*, 471 U.S. at 474). Dr. Rady has failed to meet his burden. (*See* FAC ¶¶ 14, 17.) Moreover, as shown in the attached evidence and affidavits, Dr, Rady **cannot** meet his burden, because the Pan Industrial Defendants do not have contacts with Texas that would be sufficient for personal jurisdiction, and exercising jurisdiction here would be unreasonable.[3] *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (observing even at the motion to dismiss stage, facts established through affidavits can determine the jurisdictional issue).

### i. The Exercise of General Personal Jurisdiction Over the Pan Industrial Defendants Would Violate Due Process.

The purpose of general personal jurisdiction is to clearly indicate "one place" that is "easily ascertainable" where a plaintiff would have "at least one clear and certain forum in which [the Pan Industrial Defendants] may be sued on any and all claims." *Daimler*, 134 S. Ct. at 760. Those "easily ascertainable" places are "the place of incorporation and principal place of business." *Id.* Here, Texas is neither the place of incorporation nor the principal place of business

---

[3] While a member of Pan Industrial Services LLC and Pan Industrial Platforms LLC resides in Texas, "citizenship of a limited liability company's members is not a factor to be considered, for when evaluating personal jurisdiction, we consider only the defendant's contacts, and a limited liability company is a distinct legal entity from its members." *Momentum Eng'g, LLC v. Tabler*, No. 14-18-00002-CV, 2018 WL 4037411, at *3–4 (Tex. App. Aug. 23, 2018) (citing *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Geis v. Colina Del Rio, L.P.*, 362 S.W.3d 100, 109 (Tex. App.—San Antonio 2011, pet. denied))); *see also, Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *6–7 (W.D. Tex. Oct. 26, 2015).

for any of the Pan Industrial Defendants (Schwartz Decl. ¶¶ 2-4; FAC ¶ 4), such that general personal jurisdiction over them is not "easily ascertainable." *See Daimler*, 134 S. Ct. at 760. In fact, the Pan Industrial Defendants are Delaware entities with their principal place of business in California. (Schwartz Decl. ¶¶ 2-4; FAC ¶ 4.)

Thus, general personal jurisdiction is appropriate only if Dr. Rady established each of the Pan Industrial Defendants' affiliations with Texas are so constant and pervasive "as to render [the Pan Industrial Defendants] essentially at home" in Texas. *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Dr. Rady has not established that any of the Pan Industrial Defendants has any connection to this forum, much less one that is "constant and pervasive." Dr. Rady's only allegations regarding general jurisdiction as to the Pan Industrial Defendants are the following conclusory statements:

- On information and belief, the Pan Industrial Defendants "regularly conduct business" and "operate out of" BCG's Houston office at 1221 McKinney Street, #3000, Houston, Texas 77010. (FAC ¶¶ 4, 17); and

- [The Pan Industrial Defendants] "manufacture, import into, offer for sale, sell, and/or encourage others to use an infringing asset scanning machine, the Origyn Minting Box." (FAC ¶ 17)

These allegations are both insufficient to establish general personal jurisdiction over each of the Pan Industrial Defendants and are factually unsupported and demonstrably false.

The FAC's allegation that the Pan Industrial Defendants—on "information and belief"— "regularly conduct business" in Texas (FAC ¶ 17) is a legal conclusion, not a factual allegation. It does not identify any business activities, revenue, employees, contracts, or transactions involving the Pan Industrial Defendants in Texas. Pan Industrial's Managing Member and registered agent, Michael Schwartz, attests that these conclusory allegations are false, including that: the Pan Industrial Defendants do not own, lease, or control any property in Texas; maintain no employees or registered agent in Texas; conduct no operations in Texas; and—most

fundamentally—make, use, sell, or import no products anywhere, let alone in Texas. (Schwartz Decl. ¶¶ 2-5.) Because the Pan Industrial Defendants lack even minimally "constant and pervasive" contacts with Texas, general personal jurisdiction is improper. *Daimler*, 571 U.S. at 122. Lacking any evidence for its allegations, Dr. Rady has failed to establish even a *prima facie* case of personal jurisdiction. *Panda Brandywine*, 253 F.3d at 868-69 (affirming district court's findings that jurisdiction allegations that "[defendant] knew [plaintiffs] are Texas residents and knew its actions would intentionally cause harm to [plaintiffs] in Texas," with no evidence of defendant's contacts in Texas, were conclusory and not entitled to presumption of truth).

Moreover, Dr. Rady cannot bootstrap jurisdiction of the Pan Industrial Defendants by attributing activities of other Defendants BCG and Origyn to them. The FAC does not—and in fact, cannot—allege that the Pan Industrial Defendants own, control, are subsidiaries of, or act as agents for BCG or Origyn. Each is a distinct entity, and courts presume corporate separateness. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 2187 (5th Cir. 2000); *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 332 (5th Cir. 2014). The Pan Industrial Defendants' lack of Texas contacts cannot be cured by pointing to another entity's presence in Texas. *See Associated Energy Grp., LLC v. Air Cargo Germany GMBH*, 24 F. Supp. 3d 602, 607 (S.D. Tex. 2014) ("a foreign corporation will not be subject to general jurisdiction simply by virtue of having an in-state subsidiary or affiliate. In order for a court to exercise general jurisdiction, 'that corporation itself, not its managing agent or subsidiary or affiliate, must be 'at home' in the forum state.'") (*quoting Daimler*, 134 S. Ct. 746).

In addition, none of the Pan Industrial Defendants even have a Registered Agent in Texas. (Schwartz Decl. ¶¶ 2-4.) Neither Dr. Rady's allegations nor the facts establish that any of the Pan Industrial Defendants is "essentially at home" in Texas, nor provide a basis to conclude that any

of them has constant and persuasive contacts here. General personal jurisdiction is therefor improper. *See Daimler*, 134 S. Ct. at 760; *Monkton Ins. Servs., Ltd., v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2015).

### ii. Specific Personal Jurisdiction Over the Pan Industrial Defendants Cannot Be Established.

Plaintiff also fails to establish specific personal jurisdiction over the Pan Indusrial Defendants because he fails to satisfy any element of the three-part test under *Burger King* and *Grober.*

### 1. The Pan Industrial Defendants Did Not Purposefully Direct Their Activities At Texas Residents.

Plaintiff does not identify any facts or supporting evidence that plausibly show any Pan Industrial Defendant has purposefully directed activities at Texas residents or used the patented inventions in Texas, offered products or services for sale in Texas, or engaged in any purported acts or transactions in Texas. (*See* FAC ¶¶ 4, 17, 52, 54, 138, 152, 163, 170, 184.) His mere "formulaic recitation" of the requirements for personal jurisdiction are insufficient. *See Twombly*, 550 U.S. at 555; *Panda Brandywine*, 253 F.3d at 868-69.

More fundamentally, Dr. Rady **cannot** allege such facts because: (i) Pan Industrial Platforms LLC—a holding company with no operations—does not conduct any operations that would constitute infringement; (ii) Pan Industrial LLC has not been in existence since November 25, 2024, before either patent was even issued; and (iii) none of the Pan Industrial Defendants conduct any business or operations in Texas. The Pan Industrial Defendants do not make, use, offer to sell, sell, or import **any products, anywhere**. (Schwartz Decl. ¶ 5.) Accordingly, they do not make, use, offer to sell, sell, or import products in Texas. (Id.)

### 2. The Claims Against the Pan Industrial Defendants Do Not Arise Out of Activities In Texas.

The claims are alleged to arise from the manufacture, use and sale of Tracr and the Origyn Minting Box. However, the FAC does not contain specific allegations that the Pan Industrial Defendants manufacture, use, or sell these products anywhere, much less in Texas. The FAC alleges no dealings between Dr. Rady and the Pan Industrial Defendants and provides no basis for the claims to arise out of any Pan Industrial Defendant's activities in Texas.

And again, Dr. Rady cannot compensate for the lack of personal jurisdiction over the Pan Industrial Defendants by generically alleging specific personal jurisdiction over "Defendants" collectively. *See IPVX Patent Holdings, Inc. v. Broadvox Holding Co., LLC*, No. 6:11-CV-575, 2012 WL 13012617, at *3 (E.D. Tex. Sept. 26, 2012); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (allegations that "Defendants, collectively, infringed Plaintiff's works" with no facts demonstrating individual defendant's infringement were insufficient to meet burden to show personal jurisdiction). Rather, Dr. Rady must establish that each Pan Industrial Defendant itself has purposefully directed allegedly infringing activity in Texas, not an alleged affiliate. *See Associated Energy Grp.*, 24 F. Supp. 3d at 608. The generic allegations against "Defendants" cannot establish jurisdiction over each Pan Industrial Defendant.

### 3. Personal Jurisdiction Would Not Be Reasonable or Fair.

Even if Dr. Rady could establish a *prima facie* case of specific personal jurisdiction over each Pan Industrial Defendant—which he has not—the FAC should be dismissed because exercising personal jurisdiction would be unreasonable given the burden on the alien Pan Industrial Defendants, the slight interests of Plaintiff and Texas, and the suit's lack of merit. *See Asahi Metal Indust. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987). It would be a burden on

the Pan Industrial Defendants, Delaware companies with no offices, employees, or property in Texas, to defend themselves in court in Texas.

Further, Texas has little interest in adjudicating this suit because Dr. Rady is not a resident or citizen of this state and because the Pan Industrial Defendants do not conduct any activity in the state. (FAC ¶ 2; Schwartz Decl. ¶¶ 2-16.) And to the extent the state does have an interest in the matter generally, Plaintiff has named other defendants that do operate in Texas. In light of these factors, it would be unreasonable and unfair to subject the Pan Industrial Defendants to personal jurisdiction in Texas. *See, e.g.*, *NovelAire Techs., LLC v. Munsters AB*, No. 13 Civ. 472(CM), 2013 WL 6182938, at *12 (S.D.N.Y. Nov. 21, 2013); *Intercarrier Commc'ns, LLC v. WhatsApp,* Inc., No. 3:12-cv-776-JAG, 2013 WL 5230631, at *5-6 (E.D. Va. Sept. 13, 2013).

Therefore, the FAC should be dismissed for lack of personal jurisdiction over the Pan Industrial Defendants.

## b.  Venue is Improper Under 28 U.S.C. § 1400 (b).

### i.  The Pan Industrial Defendants Do Not "Reside" in This District.

The state of organization is the sole determinant of residence for LLCs under the patent venue statute. *TC Heartland*, 137 S. Ct. at 1517; *Seven Networks, LLC v. Google LLC*, 315 F.Supp.3d 933 (2018) ("[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."). The Pan Industrial Defendants are all organized in Delaware (FAC ¶ 4), and therefore they do not "reside" in the Southern District of Texas.

### ii.   The Pan Industrial Entities Did Not Commit Acts of Infringement or Have a Regular and Established Place of Business in this District.

As explained above, the Pan Industrial Defendants do not make, use, offer to sell, sell, or import ***any products, anywhere***. (Schwartz Decl. ¶ 5.) Thus, the Pan Industrial Defendants have not committed any alleged infringement in Texas.

Nor do the Pan Industrial Defendants satisfy any of the three *In re Cray* elements for "regular and established place of business." *See In re Cray*, 871 F.3d at 1362–1364 (Fed. Cir. 2017).

### 1.   Physical Location.

The Pan Industrial Defendants do not own, lease, or control any property or office space in Texas. (Schwartz Decl. ¶¶ 2-4, 6-9, 19.) The BCG office at 1221 McKinney Street is presumably owned, lease and operated exclusively by BCG, a separate entity. (*See id.*) Conflating two defendants—Pan Industrial and BCG—does not establish venue. Venue under Section 1400(b) must be established for ***each*** defendant ***independently***. *Magnacoustics, Inc. v. Resonance Tech. Co*., 132 F.3d 49 (Table), No. 97-1247, 1997 WL 592863, at \*1 (Fed. Cir. Sept. 25, 1997) (unpublished) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant."). Venue therefore cannot be imputed to the Pan Industrial Defendants based on alleged "regular and established place of business" of BCG, a completely unrelated entity. *Board of Regents, The U. of Tex. Sys. et al. v. Medtronic, PLC, et al.*, No. 1:17-cv-00942-LY, 2018 WL 4179080, at \*2 (W.D. Tex. July 19, 2018) (finding subsidiary's building was not a regular and establish place of business of parent corporation even where a sign with the defendant's name was on the building); *Symbology Innovations, LLC v. Lego Sys., Inc*., 282 F. Supp. 3d 916, 932-33 (E.D. Va. 2017) (declining to impute the physical presence of a subsidiary in the forum state onto the

parent to establish venue under § 1400(b)). As courts have held, one corporation's place of business cannot be treated as the place of business of another." *LoganTree LP v. Garmin Int'l, Inc.*, No. SA–17–CA–0098–FB, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) (dismissing for lack of venue under § 1400(b) despite defendant's allegedly infringing sales in Texas because defendant did not have a physical location in Texas); *Realtime Data LLC v. Acronis, Inc*., No. 6:17-CV-118 RWS-JDL, 2017 WL 3276385, at *1 (E.D. Tex. July 14, 2017) (dismissing complaint for improper venue under § 1400(b) in part because defendant "d[id] not own, lease, or rent any office space in Texas"), *report and recommendation adopted*, No. 6:17-CV-118 RWS-JDL, 2017 WL 3267942 (E.D. Tex. Aug. 1, 2017); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3823, at 148–49 (4th ed.) ( "[C]ourts ordinarily will not treat the place of business of one corporation as the place of business of the other"). For this reason alone, venue is improper.

### 2. Regular and Established Place of Business.

The Pan Industrial Defendants maintain no permanent, continuous presence in Texas. They have no offices, rental property, or real estate in the District; they have no employees who reside in or regularly work in the District; they have no registered agent in Texas. (Schwartz Decl. ¶¶ 2-4.) With no support that each Pan Industrial Defendant has "a permanent and continuous presence which shows a regular and established place of business in the [Southern] District of Texas . . . venue is not proper . . . ." *LoganTree LP*, 2017 WL 2842870, at *2.

### 3. Defendant's Place of Business.

There is no record evidence that the Pan Industrial Defendants own, lease, or control the BCG facility or exercise any attributes of possession or control over it, which defeats the third requirement from *In re Cray*—that the place of business must be "the place of the defendant." *In re Cray*, 871 F.3d at 1363 ("Relevant considerations [for this factor] include whether the

defendant owns or leases the place, or exercises other attributes of possession or control over the place."). Without a regular and established business in the district, venue as to the Pan Industrial Defendants is improper in the Southern District of Texas. *See e.g., Wet Sounds, Inc. v. PowerBass USA, Inc.,* No. CV H-17-3258, 2018 WL 1811354, at \*2 (S.D. Tex. Apr. 17, 2018) (holding venue improper where there was no record evidence that defendant owns, leases, or controls the third-party distributors in the Houston area). Accordingly, the FAC should be dismissed for improper venue as to the Pan Industrial Defendants.

### c. Plaintiff's Claims for Infringement Against the Pan-Industrial Defendants Should be Dismissed for Failure to State a Claim.

To the extent Plaintiff's claims against the Pan Industrial Defendants survive forum scrutiny at all, they must be dismissed under Rule 12(b)(6) because the FAC fails to allege any specific facts tying the Pan Industrial Defendants to any acts of infringement. To state a plausible claim for patent infringement, Plaintiff must allege specific, non-conclusory facts showing that each defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention[.]" 35 U.S.C. § 271(a). Dr. Rady has not done so as to the Pan Industrial Defendants.

The FAC fails to tie the Pan Industrial Defendants to any specific infringing conduct. Instead of identifying which Pan Industrial Defendant makes, uses, offers to sell, or sells accused product, the FAC lumps all of the Pan Industrial Defendants together and recites generic language: "Pan Industrial's offer for sale and sale of the Origyn Minting Box constitute a direct infringement of Dr. Rady's '261 and '496 patents" (FAC ¶ 128), "The Minting Boxes that Origyn Foundation, Origyn Research USA LLC, Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC are using, offering for sale and/or selling in the U.S. include every element set forth in claim 1 of the [asserted] patent[s]." (FAC ¶¶ 152, 170). The

FAC contains no specific factual allegations about any Pan Industrial Defendant's business activities, role in developing or commercializing any product, or connection to the accused devices.

The pleading defect mirrors the insufficient complaint in *North Star Innovations, Inc. v. Toshiba Corp.*, No. 16-cv-115-LPS, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016), where the court held that allegations naming multiple defendants without identifying which entity engaged in particular infringing conduct failed to satisfy *Twombly*'s requirement of factual allegations supporting a plausible claim. Here, the FAC does not allege each Pan Industrial Defendant "takes part in any specific infringing act"; it "vaguely" alleges "Defendants" commit one or another of the relevant possible acts; and it has no factual allegations "about the nature of Defendants' business, nor their activities." *See N. Star*, 2016 WL 7107230, at *2 (emphasis in original). The FAC is therefore insufficient to state a claim. *Id.*

### d.  The FAC Fails to State a Claim for Inducement to Infringement.

Dr. Rady's FAC also fails to state a claim for indirect infringement. "To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016).

First, the FAC fails to plead facts sufficient to show direct infringement by any entity, which is a required element of indirect infringement. *See Ruby Sands*, 2016 WL 3542430, at *3; *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … .").

Second and critically, Dr. Rady makes no effort to allege pre-suit knowledge of the asserted patents by each of the Pan Industrial Defendants. (*See* FAC ¶¶ 163, 184.) Absent factual allegations showing when the Pan Industrial Defendants learned of the patents, induced infringement claims based on pre-suit conduct must be dismissed. *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.,* 2024 WL 1219725, at *6–7 (E.D. Tex. Mar. 20, 2024); *Corydoras Techs., LLC v. Apple Inc.,* 2016 WL 9242435, at *2–3 (E.D. Tex. Nov. 23, 2016).

Third, the FAC offers only conclusory allegations. It alleges that the Pan Industrial Defendants "are inducing others . . . by actively encouraging others to use the Origyn Minting Box." (FAC ¶¶ 163, 184.) But the FAC does not identify any specific actions the Pan Industrial Defendants took to encourage infringement, when such actions occurred, to whom they directed encouragement, or how they conveyed knowledge of the patents. These omissions render the pleading insufficient under *Twombly* and *Iqbal*.

The FAC does not provide any factual allegations to plausibly support any claim that the Pan Industrial Defendants specifically intended a third party to directly infringe and knew that the third party's acts constituted infringement. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-486, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (dismissing claim when complaint "inadequately pled indirect infringement" because plaintiff "has not sufficiently pled that [defendant] has caused or encouraged infringing activity"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (dismissing induced infringement claims where the complaint failed to allege any facts that defendant "had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement"). The FAC contains nothing more than a boilerplate restatement of the legal standard for induced infringement: the Pan Industrial Defendants "are

inducing others in the U.S. to infringe . . . by actively encouraging others to use the Origyn

Minting Box in connection with its asset traceability program, knowing that the use by others of

the Origyn Minting Box directly infringes claim 1 of the [at issue] patent[s]." (FAC ¶¶ 163, 184.)

This allegation is entirely conclusory and unsupported by any specific factual allegations

showing: Pan Industrial's specific actions to encourage others to use any device, when such

alleged encouragement occurred, to whom such encouragement was directed, that Pan Industrial

had knowledge of the asserted patents when the alleged encouragement occurred, or that Pan

Industrial specifically intended to induce infringement of the asserted patents. Such "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678. Such generic allegations cannot survive Rule 12(b)(6). *See,*

*e.g.*, *Core Wireless*, 2015 WL 4910427, at *4 (holding the complaint failed to plead induced

infringement because plaintiff failed to allege facts explaining "how the instructions direct

customers to use those products in an infringing manner").

   Dr. Rady's indirect infringement claims should be dismissed in their entirety, but should

the Court hold otherwise, at a minimum, Dr. Rady's claims of indirect infringement against the

Pan Industrial Defendants ***prior to the filing*** of the FAC should be dismissed. Induced

infringement requires knowledge of the patent allegedly infringed and knowledge of the alleged

patent infringement. "Like induced infringement, contributory infringement requires knowledge

of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys.,*

*Inc.*, 575 U.S. 632, 639 (2015); *see Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-cv-538, 2016

WL 9242435, at *1 (E.D. Tex. Nov. 23, 2016) (induced infringement claim "necessarily includes

the requirement that [defendant] knew of the patent"); *Babbage Holdings, LLC v. Activision*

*Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (dismissing

claims for induced and contributory infringement based on failure to plausibly allege knowledge).

Here, Dr. Rady makes no effort to allege pre-suit knowledge of the asserted patent. Dr. Rady never alleged facts plausibly supporting the knowledge required for a claim of indirect infringement based on pre-suit conduct; thus, its pre-suit indirect infringement claims should be dismissed. *See, e.g., CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311, 2024 WL 1219725, at *6-7 (E.D. Tex. Mar. 20, 2024) (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims where plaintiff "failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit"); *Corydoras*, 2016 WL 9242435, at *2-3 (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement claims").

## V.    CONCLUSION

For the foregoing reasons, the Pan Industrial Defendants—Delaware entities with their principal place of business in California, with no presence, operations, or products in Texas—are not subject to personal jurisdiction of this Court, proper venue does not exist, and the FAC fails to state any plausible claims against them. Accordingly, this Court should grant this motion and dismiss with prejudice Dr. Rady's claims against Pan Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400, and/or failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: December 12, 2025

By: */s/ Timothy C. Bauman*
    Timothy C. Bauman
    Attorney-in-Charge
      *Pro hac vice pending*
    SDNY/EDNY No. TB2536
    tbauman@baumanlawgroup.com
    Katrina Loyer
      *Pro hac vice pending*
    SDNY/EDNY No. 4940607
    kloyer@baumanlawgroup.com

**BAUMAN LAW GROUP P.C.**
141 Parkway Road, Suite 8
Bronxville, NY 10708
(914) 337-1715

Respectfully submitted,

By: */s/ C. Anderson Parker*
C. Anderson Parker
SDTX: 567726
andy@psd.law

**PARKER SANCHEZ & DONNELLY PLLC**
700 Louisiana St., Ste. 4520
Houston, TX 77002
(713) 659-7200

## CERTIFICATE OF SERVICE

    I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                        */s/ C. Anderson Parker*
                        C. Anderson Parker