**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MAX A. RADY,<br><br>        Plaintiff,<br><br>v.<br><br>BOSTON CONSULTING GROUP, INC., DE BEERS PLC, D/B/A DE BEERS GROUP, ANGLO AMERICAN PLC, ORIGYN FOUNDATION, DE BEERS JEWELLERS (US), INC., SIGNET JEWELERS, BRILLIANT EARTH INC, DE BEERS UK LIMITED, ORIGYN RESEARCH USA LLC PAN-INDUSTRIAL LLC, PAN INDUSTRIAL PLATFORMS LLC, AND PAN INDUSTRIAL SERVICES LLC<br><br>        Defendants. | CASE NO. 4:25-cv-4031<br><br>Judge: Lee H. Rosenthal |

**DEFENDANTS PAN-INDUSTRIAL LLC, PAN INDUSTRIAL PLATFORMS LLC, AND PAN INDUSTRIAL SERVICES LLC'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT AND REPLY IN FURTHER SUPPORT OF THE PAN INDUSTRIAL DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................. 2

    I.    Procedural History ................................................................................................ 2

    II.   The Minimal Facts Alleged as to Pan Industrial in the Second Amended Complaint ... 3

LEGAL STANDARD ........................................................................................................ 4

ARGUMENT ..................................................................................................................... 5

    I.    Plaintiff's Second Amended Complaint Violates Rule 15(a) ........................................ 5

    II.   Amendment Would Be Futile ................................................................................ 6

        A.   The Court Lacks Personal Jurisdiction Over the Pan Industrial Defendants .......... 7

        B.   Venue is Improper Under § 1400 (b) .................................................................. 9

        C.   Plaintiff's Second Amended Complaint Fails to State a Claim Against the Pan Industrial Defendants ....................................................................................... 14

CONCLUSION.................................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................ 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 20

*Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003) ....................................................... 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................ 10

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................................................................................. 20

*Correct Transmission LLC v. ADTRAN, Inc.*, No. 20-cv-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ........................................................................................ 17

*Crystal Power Co. Ltd. v. Coastal Salvadoran Power Ltd.,* No. 3:10-cv-00057, 2011 WL 13135968 (S.D. Tex. Jan. 10, 2011) ............................................................................ 6

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) ...................................................................... 19

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .............................................................. 10

*Daniels v. Corr. Corp*, 47 F.3d 426 (5th Cir. 1995) ....................................................... 5

*Decapolis Sys., LLC v. Epic Sys. Corp.*, W-21-CV-00434-ADA, 2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) ............................................................................................. 6

*Distrib., LLC v. Hangtime LLC*, No. CV20469FLWDEA, 2020 WL 6689755 (D.N.J. Nov. 13, 2020) ....................................................................................................................... 11

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) ................................... 5

*Fenton Mobility Prods., Inc. v. Pareto Aluminum Sys. LLC*, No. 21-CV-1285-LJV, 2022 WL 16836181 (W.D.N.Y. Nov. 9, 2022) ........................................................................ 12

*Fractus S.A. v. ZTE Corp.*, No. 17-cv-00561-JRG, 2018 WL 11363369 (E.D. Tex. Sept. 28, 2018) ........................................................................................................................... 17

*Goines v. CIT Grp., Fin., Assignor,* No. H-11-03287, 2012 WL 1551712 (S.D. Tex. May 1, 2012) ............................................................................................................................. 7

*In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017) ............................................. 12, 15, 16

*In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020) ................................................ 14, 16

*In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996) ........................................................ 5

*Inst. for Env't Health Inc. v. Nat'l Beef Packing Co., LLC*, No. CV 23-0826, 2024 WL 2208948 (D. Del. May 16, 2024) ...........................................................................................................11

*Jabary v. City of Allen*, 547 F. App'x 600, (5th Cir. 2013) ........................................................ 6

*Jeanty v. Nebraska Furniture Mart,* No. 4:19-CV-366-ALM-CAN, 2019 WL 12375489 (E.D. Tex. July 19, 2019) ........................................................................................................... 7

*Kiper v. BAC Home Loans Servicing, LP,* 884 F. Supp. 2d 561 (S.D. Tex. 2012) ....................... 6

*Landavazo v. Toro Co.,* 301 F. App'x 333 (5th Cir. 2008) ...................................................... 7, 8

*Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ..................................................... 5, 8

*New World Int'l, Inc. v. Ford Global Techs.*, LLC, 859 F.3d 1032 (Fed. Cir. 2017) .................. 10

*North Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ................................................................................................................................ 18

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) ............... 10

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 21-cv-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ................................................................................................ 12, 13

*Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017) ............................ 16

*Regents of Univ. of Minnesota v. Gilead Scis., Inc.*, 299 F. Supp. 3d 1034 (D. Minn. 2017) ....... 17

*Seven Networks, LLC v. Google LLC*, 315 F. Supp. 933 (E.D. Texas 2018) ...............................11

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017) ................................11

*U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293 (5th Cir. 2003) .................................. 5

*Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) ........................................................................................................................... 14, 15

*United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, 760 F. App'x 314 (5th Cir. 2019) ........... 7

*Westech Aerosol Corp. v. 3M Co.*, No. 17-cv-5067-RBL, 2017 WL 3387363 (W.D. Wash. Aug. 7, 2017) ....................................................................................................................................... 17

## Statutes

28 U.S.C. § 1400 ................................................................................................................ passim

35 U.S.C. § 271 ......................................................................................................................... 19

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................. 2, 9

Fed. R. Civ. P. 12(b)(3) ................................................................................. 2, 9

Fed. R. Civ. P. 12(b)(6) .............................................................................. 2, 8, 9

Fed. R. Civ. P. 15(a) ................................................................................. 5, 6, 21

Defendants Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC (collectively, "the Pan Industrial Defendants") respectfully submit this Motion to strike Plaintiff's Second Amended Complaint (Dkt. 44) and, in the alternative, submit this brief as their reply in further support of their Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 34).

## INTRODUCTION

On January 12, 2026, the day its response to the Pan Industrial Defendants' Motion to Dismiss was due, Plaintiff Max A. Rady's filed it Second Amended Complaint for Patent Infringement and Correction of Inventorship. *See* Dkt. 44. Plaintiff filed its SAC without the Pan Industrial Defendants' consent or the Court's permission, a violation of the rules of procedure. Even if the Court were inclined to grant leave *sua sponte*, it should not do so because Plaintiff's claims in the Second Amended Complaint are futile. Nothing in Plaintiff's Second Amended Complaint cures the fatal flaws in its pending lawsuit, namely that the Court lacks personal jurisdiction over the Pan Industrial Defendants and venue is not proper here. Additionally, allowing Plaintiff to amend his complaint for a second time would be futile because the proposed Second Amended Complaint is virtually identical to the First Amended Complaint and once again fails to state a claim as to the Pan Industrial Defendants.

The Pan Industrial Defendants accordingly move this Court to strike Plaintiff's procedurally and substantively deficient Second Amended Complaint as it applies to the Pan Industrial Defendants, and to dismiss Plaintiff's First Amended Complaint for the reasons stated here and in the Pan Industrial Defendants' opening brief.

## FACTUAL BACKGROUND

### I.    Procedural History

Plaintiff filed its original complaint on August 26, 2025. Dkt. 1. The original complaint did not name the Pan Industrial Defendants.

On October 27, 2025, Plaintiff filed its First Amended Complaint ("FAC"), adding Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC as defendants. Dkt. 25.

On December 12, 2025, the Pan Industrial Defendants filed a Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400, and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 34.

On December 26, 2025, Plaintiff and the Pan Industrial Defendants filed a joint motion to modify the briefing schedule for the Motion to Dismiss. Dkt. 37.

On January 8, 2026, the Court granted the parties' motion to modify the briefing schedule as to the Motion to Dismiss, ruling that "plaintiff will respond to the motion to dismiss by January 12, 2026, and the defendants will reply by February 5, 2026." Dkt. 43.

Notwithstanding the extension, Plaintiff failed to file any brief opposing the Motion to Dismiss. Instead, on January 12, 2026, Plaintiff filed a Second Amended Complaint ("SAC"). Dkt. 44. Plaintiff filed the Second Amended Complaint without the Pan Industrial Defendants' consent and without leave of the Court. The Court's January 8, 2026 order set a January 12 deadline for Plaintiff's response to the Motion to Dismiss, (Dkt. 34), not for an amendment as of right, and did not grant leave to amend.

On January 20, 2026, counsel for fellow defendant Boston Consulting Group emailed Plaintiff's counsel informing them that "the SAC was filed in violation of Federal Rule 15 and is

2

inoperative" and asking Plaintiff's counsel to let them know how Plaintiff intends to proceed. Plaintiff did not respond to the email. Plaintiff's counsel telephonically asserted to BCG's counsel that consent was unnecessary because an anticipated scheduling order would permit amendment without leave, but there is presently no such order. BCG's counsel informed Plaintiff's that no such scheduling order exists in this case and Rule 15 controls.

## II.    The Minimal Facts Alleged as to Pan Industrial in the Second Amended Complaint

The SAC contains over 221 paragraphs and spans 77 pages, but the Pan Industrial Defendants only appear in 10 of those paragraphs, once again often tacked on to allegations about Defendant Origyn Foundation ("Origyn"). (SAC ¶¶ 4, 18, 54, 55, 96, 144, 158, 169, 177, 191). As in the FAC, the SAC alleges that Pan Industrial Platforms LLC, and Pan Industrial Services LLC infringe two patents: U.S. Patent Nos. 12,375,261 ("the '261 patent"), and 12,401,496 ("the '496 patent"). (SAC ¶ 144.) The SAC identifies two products, Tracr and the Origyn Minting Box, that "Defendants" allegedly use, offer for sale, sell, make and/or distribute. (*Id*. ¶ 144.) However, the SAC does not allege any facts supporting that the Pan Industrial Defendants engage in any of these activities. (*See id*.)

Despite having received the Motion to Dismiss challenging personal jurisdiction and venue, Plaintiff's Second Amended Complaint continues to contain only boilerplate jurisdiction and venue allegations. Regarding jurisdiction, the SAC generically alleges that "Defendants," collectively do "substantial, continuous, and systematic business in Texas and in this district, such as the importing, marketing, selling, distributing, and using of infringing devices." (Id. ¶ 14.) These are mere boilerplate legal conclusions unsupported by any specific facts about the Pan Industrial Defendants required to address the Motion to Dismiss. (*See id*.)

Regarding venue, the SAC alleges that the Pan Industrial Defendants "manufacture, import into, offer for sale, sell, and/or encourage others in this District to use an infringing asset

3

scanning machine, the Origyn Minting Box" and that a Pan Industrial Defendants co-founder and co-owner promotes the Pan Industrial Defendants from this District and "invites the public to contact him electronically at his home in this District". (Id. ¶ 18.) Plaintiff further attempts to allege venue by stating that due to Origyn's nationwide outreach and Pan Industrial's role as Origyn's only "certified integrator," the Pan Industrial Defendants must be recruiting participants to use the Origyn Minting Box in this District. *Id.* As demonstrated below, these allegations are both conclusory and not sufficient to establish venue.

The SAC also fails to address any of the deficiencies regarding Plaintiff's claims for infringement and induced infringement against the Pan Industrial Defendants and still provides no timelines for when each Pan Industrial Defendant was formed, when each began its activities, what specific products or services each offers, or what involvement, if any, each Pan Industrial Defendant had in the development or commercialization of Tracr or the Origyn Minting Box. The SAC also fails to allege any direct dealings between Plaintiff and any Pan Industrial Defendant, any disclosures of Plaintiff's invention to Pan Industrial, or any specific knowledge by Pan Industrial of Plaintiff's patents.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading *once* as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1) (emphasis added). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.,* 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the

opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). Amendment is futile when the amended complaint would fail to state a claim upon which relief could be granted or would otherwise be subject to dismissal. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016); *Daniels v. Corr. Corp*, 47 F.3d 426 (5th Cir. 1995).

An amended complaint filed in violation of Rule 15(a) has "no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."). Accordingly, the Court "may properly strike" an amended complaint that does not comply with Rule 15(a). *Decapolis Sys., LLC v. Epic Sys. Corp.*, W-21-CV-00434-ADA, 2021 WL 5908403, at *2 (W.D. Tex. Dec. 14, 2021).

Here, the Second Amended Complaint should be stricken based on both substantive and procedural deficiencies.

## ARGUMENT

### I.    Plaintiff's Second Amended Complaint Violates Rule 15(a)

Having had multiple opportunities to replead its case, Plaintiff has no right to unilaterally amend it again. The Federal Rules of Civil Procedure make clear that a plaintiff may only amend his complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a). Plaintiff used its amendment as a matter of course when it filed the First Amended Complaint on October 27, 2025, *see* Dkt. 25. Any further amendments at this point require the Pan Industrial Defendants' (and in fact, all defendants') consent or the Court's permission, *see* Fed. R. Civ. P. 15(a)(2). Plaintiff failed to obtain either before filing its Second Amended Complaint. Accordingly, the Court should strike the SAC. *See Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013); *see also Kiper v. BAC Home Loans Servicing, LP,* 884 F. Supp. 2d 561, 564-65 (S.D. Tex. 2012); *Crystal Power*

*Co. Ltd. v. Coastal Salvadoran Power Ltd.,* No. 3:10-cv-00057, 2011 WL 13135968, at *1 (S.D. Tex. Jan. 10, 2011); *Jeanty v. Nebraska Furniture Mart,* No. 4:19-CV-366-ALM-CAN, 2019 WL 12375489, at *1-2 (E.D. Tex. July 19, 2019); *Goines v. CIT Grp., Fin., Assignor,* No. H-11-03287, 2012 WL 1551712, at *2 (S.D. Tex. May 1, 2012).

## II.    Amendment Would Be Futile

Even if Plaintiff cures the procedural defects associated with the filing of his Second Amended Complaint, any forthcoming Motion for Leave must be denied because the Second Amended Complaint is futile. Moreover, "[a] district court may deny a motion for leave to amend for a variety of reasons, including undue delay, bad faith, dilatory motive, undue prejudice, or futility of the amendment." *United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, 760 F. App'x 314, 318 (5th Cir. 2019) (citation omitted).

It is well-established that "[t]he district court does not abuse its discretion in denying leave to amend if allowing amendment of the complaint would be futile." *See Landavazo v. Toro Co.,* 301 F. App'x 333, 337 (5th Cir. 2008) (citation omitted); *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (holding "[t]he proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile."). Indeed, a proposed amended complaint is reviewed under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Landavazo*, 301 F. App'x at 337 (citation omitted).

Allowing Plaintiff to amend his complaint for a second time would be futile because the proposed Second Amended Complaint is virtually identical to the First Amended Complaint and fails to address any of the deficiencies highlighted in the Pan Industrial Defendants' Motion to Dismiss. *See Legate v. Livingston,* 822 F.3d 207, 211 (5th Cir. 2016) (affirming trial court's denial of motion to amend complaint where proposed amendment failed to provide sufficient detail to pass muster under Rule 12(b)(6)). In their Motion to Dismiss, the Pan Industrial

6

Defendants established the Pan Industrial Defendants—Delaware entities with their principal place of business in California, with no presence, operations, or products in Texas—are not subject to personal jurisdiction of this Court, proper venue does not exist, and the FAC fails to state any plausible claims against them. Nothing in the Second Amended Complaint alters this conclusion.

Therefore, the Court should strike Plaintiff's Second Amended Complaint and base its ruling on the Pan Industrial Defendants' Motion to Dismiss on the allegations set forth in Plaintiff's First Amended Complaint. In the alternative, the Court should apply the Motion to Dismiss to the Second Amended Complaint and dismiss with prejudice Dr. Rady's claims against Pan Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400, and/or failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### A.    The Court Lacks Personal Jurisdiction Over the Pan Industrial Defendants

The SAC continues to rely on general, collective allegations, alleging that "the Pan Industrial Companies" conduct business in Texas, act as "certified integrators" for Origyn's protocol, and "bring large industry players" onto the Origyn infrastructure. (SAC ¶ 18). The SAC adds that co-founder Austin Fatheree purportedly "actively promotes Pan Industrial and the Origyn digital twin authentication program" from his "home office" in Houston and invites interested parties to contact him electronically. *Id*. This is not enough. The SAC still does not contain any allegations that:

- Pan Industrial LLC or Pan Industrial Services LLC owns, leases or controls any property or facility in Texas;

- Either entity has officers or employees residing in Texas (as opposed to one member, Mr. Fatheree, with minority ownership, which the Motion to Dismiss already showed is not legally relevant for jurisdiction over an LLC) (*See* Motion to Dismiss at 5);

- Either entity entered into contracts with Texas counterparts, shipped accused products into Texas or otherwise consummated transactions in this District; or

- The Pan Industrial Defendants committed any specific act of making, using, offer to sell, selling or importing an accused device in Texas or anywhere else.

"Threadbare recitals of the elements" of jurisdiction and "conclusory allegations" that a nonresident defendant "does business" in the forum are insufficient, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); plaintiffs must point to specific, non-conclusory contacts by each defendant. *Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 868–70 (5th Cir. 2001). The Federal Circuit likewise requires defendant-specific jurisdictional facts in patent cases. *See New World Int'l, Inc. v. Ford Global Techs*., LLC, 859 F.3d 1032, 1037–38 (Fed. Cir. 2017) (plaintiff must satisfy three-part minimum-contacts test for "each defendant").

Moreover, the SAC does nothing to rebut the Pan Industrial Defendants' sworn declaration showing that: (1) they are Delaware LLCs with principal places of business in California; (2) they have no offices, employees, registered agents, or property in Texas; and (3) they do not make, use, sell, or import products anywhere. (Schwartz Decl. ¶¶ 2-10). On those facts, binding precedent forecloses both general and specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014) (for an entity, general jurisdiction is ordinarily limited to place of incorporation and principal place of business); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (specific jurisdiction requires purposeful availment and litigation "arise out of or relate to" defendant's contacts).

Futility is clear: the SAC pleads no new, concrete Texas contacts; it merely adds jurisdictional "buzzwords" like "purposeful availment" and "forum-facing posture," and once again tries to base jurisdiction over the Pan Industrial Defendants on the actions of another entity, Origyn. (SAC ¶¶ 17-18).

**B.    Venue is Improper Under § 1400 (b)**

Venue in patent cases is governed solely by 28 U.S.C. § 1400(b), as reaffirmed in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262–63 (2017). Under § 1400(b), venue exists only where the defendant (1) resides (i.e., is domiciled) or (2) has committed acts of infringement and has "a regular and established place of business." *Id.*

For domestic LLCs, "residence" is limited to the state of organization—here, Delaware. *See e.g., Inst. for Env't Health Inc. v. Nat'l Beef Packing Co., LLC*, No. CV 23-0826, 2024 WL 2208948, at *3 (D. Del. May 16, 2024)("Defendant was organized as an LLC under Delaware law and therefore for purposes of venue resides in Delaware."); *see also, Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 938-41 (E.D. Texas 2018)("It is undisputed that when this action was filed, Google was incorporated in Delaware and therefore "resided" in Delaware, not in Texas. . . . Accordingly, Google's residence cannot provide a basis for venue in this District."); *ES Distrib., LLC v. Hangtime LLC*, No. CV20469FLWDEA, 2020 WL 6689755, at *1 (D.N.J. Nov. 13, 2020)("venue is proper under section 1400(b) in the District of New Mexico because, as Plaintiffs concede, Defendant is a New Mexico limited liability corporation with a principle place of business in Santa Fe, New Mexico."); *Fenton Mobility Prods., Inc. v. Pareto Aluminum Sys. LLC*, No. 21-CV-1285-LJV, 2022 WL 16836181, at *2 (W.D.N.Y. Nov. 9, 2022)("Pareto is a limited liability company that was incorporated, and therefore resides, in the Eastern District of Michigan."). The SAC does not and cannot allege otherwise. SAC ¶ 4. Thus, the Pan Industrial Defendants do not reside in the Southern District of Texas and the first prong of section 1400(b) does not, and cannot, provide a basis for venue here.

As to the second prong, venue can be appropriate if "the defendant has committed acts of infringement and has a regular and established place of business" in a particular district. 28

U.S.C. § 1400(b).[1] For a defendant to have a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any element is not satisfied, "venue is improper under § 1400(b)." *Id.* at 1362–63; *see also Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 21-cv-00714, 2022 WL 1597364, at *2 (E.D. Tex. May 19, 2022)("A plaintiff must prove all three of these requirements to establish proper venue under the second prong of the statute.").

The SAC attempts to meet the *Cray* elements by asserting that:

- Origyn has a "global presence" and "locations in, among other places, Texas" (SAC ¶ 17);

- Pan Industrial is Origyn's "only certified integrator," "tasked with bringing large industry players" onto Origyn's platform (SAC ¶ 18); and

- Mr. Fatheree promotes Origyn and Pan Industrial from a home office in Houston and invites electronic contacts. (SAC ¶ 18)

This is not enough. The SAC has failed to establish any of the required elements.

### 1.     *No Physical Place in the Southern District of Texas*

As asserted in the Motion to Dismiss, none of the Pan Industrial Defendants have a physical place of business in the Southern District of Texas. (Motion to Dismiss at 14-15); *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 21-cv-00714, 2022 WL 1597364, at *4 (E.D. Tex. May 19, 2022) ("While the 'place' need not be a formal office or store, 'there must still be a physical, geographical location in the district from which the business of the defendant is carried out.'"). The Pan Industrial Defendants do not own or lease facilities in this District. (Schwartz Decl. ¶¶ 3-4, 9.)

---

[1] The Pan Industrial Defendants dispute and do not concede that they have committed any acts of infringement, but for purposes of this Motion focus solely on the absence of a regular and established place of business in this District.

In search of a physical place, the Second Amended Complaint alleges that "Pan Industrial co-founder and co-owner Austin Fatheree actively promotes Pan Industrial and the Origyn digital twin authentication program from his home office in Houston, Texas" and "invites the public to contact him electronically at his home in this District." SAC 18.[2] But Plaintiff has failed to demonstrate that Mr. Fatheree's home is a physical place of business of any of the Pan Industrial Defendants. Further, as asserted in the Motion to Dismiss, Pan Industrial Platforms LLC, is a holding company and holds assets and equity interest in other entities but conducts no independent business operations, manufactures no products, provides no services, and employs no personnel. (Schwartz Decl. ¶ 4.)

## 2.    *No Regular Established Business in the Southern District of Texas*

Plaintiff has failed to establish that Mr. Fatheree's home is a "regular and established place of business." "[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). While the Pan Industrial Defendants dispute any allegations that they have employees in the District, even if they did have remote workers in the District, courts have long held that the presence of remote workers does not demonstrate a regular and established place of business and therefore fails to satisfy the second and third prongs of the patent venue statute. *See Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017)(holding the presence of remote workers does not demonstrate a regular and established place of business and therefore fails to satisfy the second and third prongs of the patent venue statute). Merely

---

[2] The First Amended Complaint falsely alleged that the Pan Industrial Defendants worked out of BCG's Houston office, an allegation Plaintiff has since dropped.

permitting an employee,[3] or in this case a co-founder and owner, to work from home in a particular district does not establish that person's home as a defendant's "regular and established place of business." *In re Cray*, 871 F.3d at 1365. In *Cray*, the Federal Circuit also considered such factors as whether the defendant "played a part in selecting the place's location, stored inventory or conducted demonstrations there, or conditioned [the employees'] employment or support on the maintenance of an Eastern District of Texas location." *Id.*; *see also Uniloc*, 2017 WL 11527109, at *3 (finding venue to be improper where the defendant did not "lease, or own any portion of these employees' homes," did not store inventory at the employees' houses, and did not require the employees to live in a particular area). "For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers." *In re Cray*, 871 F.3d at 1365.

At most, the Second Amended Complaint alleges that the Pan Industrial Defendants have a co-founder and co-owner that promotes Origyn and Pan Industrial from a home office in this District and invites electronic contacts. *E.g.,* SAC ¶ 18 ("Pan Industrial co-founder and co-owner Austin Fatheree actively promotes Pan Industrial and the Origyn digital twin authentication program from his ***home office*** in Houston, Texas. In public appearances in conferences and interviews, Austin Fatheree introduces himself as representing both Pan Industrial and Origyn Foundation and invites the public to ***contact him electronically at his home*** in this District") (emphasis added). These allegations are legally insufficient to show that any of the Pan Industrial Defendants has a "regular and established place of business" in this District. Mr. Fatheree "can move his or her home out of the district at his or her own instigation, without the approval of [the Pan Industrial Defendants]." *Cray*, 871 F.3d at 1362-63.

---

[3] The Pan Industrial Defendants dispute any allegations that they have employees in the District. Schwartz Decl, ¶¶ 3-4.

Venue is improper because the Pan Industrial Defendants have no regular and established place of business in this District.

### 3. *The Places of Business Alleged in the Amended Complaint Are Not the Pan Industrial Defendants' Places of Business*

No place of business in the Southern District of Texas is the "place of" any of the Pan Industrial Defendants within the meaning of the statute. *In re Google LLC*, 949 F.3d at 1345 (holding plaintiff must establish that "an employee or other agent of the defendant [was] conducting the defendant's business at the alleged 'place of business'"). It is undisputed that the Pan Industrial Defendants do not own, lease or rent any portion of Mr. Fatheree's home. (Schwartz Decl. ¶¶ 3-4,6-7). The SAC alleges only that a co-founder and co-owner of the Pan Industrial Defendants lives and actively promotes Pan Industrial in this District, not that any Pan Industrial Defendant has ratified his home as an official place of business for the company. *See Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017) (plaintiff failed to "show that the homes of the [defendant's] "employees" are in any way under the control of [defendant] or were ever held out as [defendant]'s places of business" and "[t]he fact that [defendant] may allow its employees to work from the Eastern District of Texas does not establish proper venue in this district."); *see also Correct Transmission LLC v. ADTRAN, Inc.*, No. 20-cv-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (explaining that a defendant must "establish or ratify" an employee's home office for it to count as a regular place of business); *Regents of Univ. of Minnesota v. Gilead Scis., Inc.*, 299 F. Supp. 3d 1034, 1043–45 (D. Minn. 2017) (holding that venue was improper in Minnesota even though some of the defendant's employees lived in Minnesota and some of those employees "maintain[ed] limited quantities of sample Gilead medications in storage lockers" and "small quantities of promotional literature in their home offices").

A promotional presence of a remote co-founder and co-owner is simply insufficient to satisfy the "place" prong of the patent venue statute. *See Westech Aerosol Corp. v. 3M Co.*, No. 17-cv-5067-RBL, 2017 WL 3387363, at \*3 (W.D. Wash. Aug. 7, 2017) ("[S]tanding alone, having a sales presence in a district does not confer jurisdiction over a defendant under 28 U.S.C. § 1400(b)."); *Fractus S.A. v. ZTE Corp.*, No. 17-cv-00561-JRG, 2018 WL 11363369, at \*2–4 (E.D. Tex. Sept. 28, 2018) (determining that presence of multiple employees at visitor offices in a call center is not sufficient to make the call center a "place of" the defendant).

### C.   Plaintiff's Second Amended Complaint Fails to State a Claim Against the Pan Industrial Defendants

Finally, the Second Amended Complaint does not meaningfully advance Plaintiff's infringement theories against the Pan Industrial Defendants or address any of the issues raised in the Motion to Dismiss and should be dismissed under Rule 12(b)(6) for failure to state a claim. *See* SAC 4, 18, 54, 55, 96, 144, 158, 169, 177, 191; *see also* Motion to Dismiss. The SAC's principal new factual allegation as to the Pan Industrial Defendants is that Pan Industrial is Origyn's "only certified integrator," allegedly "tasked with bringing large industry players" onto Origyn's infrastructure "without any geographic limitation." That label does not make Plaintiff's infringement or inducement theories plausible.

#### 1.   *Plaintiff's Claims for Infringement Against the Pan Industrial Defendants Should be Dismissed for Failure to State a Claim*

First, the SAC still does not allege that either Pan Industrial Platforms LLC or Pan Industrial Services LLC itself makes, uses, offers to sell, sells, or imports any accused Minting Box or scanner. The pleading identifies no specific integration project, no customer, no transaction, no shipment, and no date attributable to either Pan Industrial entity. It simply asserts, in group fashion, that Origyn and "Pan Industrial" are "using, promoting, offering for sale and/or selling" the Minting Box and that those devices "include every element" of claim 1. (SAC ¶¶

144, 158, 177). Courts routinely hold that such collective, formulaic recitals—without defendant-specific facts showing how each entity practices the claim—are insufficient under Twombly and Iqbal. *See North Star Innovations, Inc. v. Toshiba Corp*., No. 16-115-LPS, 2016 WL 7107230, at *1–*2 (D. Del. Dec. 6, 2016) (dismissing complaint that named multiple defendants without identifying which entity engaged in particular infringing conduct).

To state a plausible claim for patent infringement, Plaintiff must allege specific, non-conclusory facts showing that each defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention[.]" 35 U.S.C. § 271(a). Dr. Rady has not done so as to the Pan Industrial Defendants. The SAC contains no specific factual allegations about any Pan Industrial Defendant's business activities, role in developing or commercializing any product, or connection to the accused devices beyond pointing to "Pan Industrial" being the only "certified integrator."

## 2. *The Second Amended Complaint Fails to State a Claim for Inducement to Infringe*

The Second Amended Complaint's induced infringement allegations as to the Pan Industrial Defendants remain purely conclusory and the "sole integrator" allegation does not salvage Plaintiff's induced-infringement claims. The SAC still pleads no facts showing when each Pan Industrial Defendant first learned of the asserted patents, what specific instructions or marketing materials each directed to any third party, or how any such communication encouraged acts that the Pan Industrial Defendants knew would constitute infringement. Simply asserting that a defendant is the "only certified integrator" and "promotes" a platform is not enough to plausibly allege the required knowledge and specific intent for inducement. *See CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311-JRG, 2024 WL

15

1219725, at \*6–\*7 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit indirect claims where plaintiff "failed to plead any facts plausibly showing" that defendant knew of asserted patents prior to suit); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at \*4 (E.D. Tex. Aug. 14, 2015) (dismissing induced-infringement claims where complaint failed to allege facts showing "specific intent to induce" infringement or that defendant knew its customers' acts were infringing).

In short, the "sole integrator" label is just a new characterization of Pan Industrial's business role; it does not add the concrete, defendant-specific facts necessary to state a plausible claim for direct or induced infringement against either Pan Industrial Defendant. Because the SAC does not add the missing defendant-specific facts, but instead escalates only the rhetoric, it remains implausible under *Twombly* and *Iqbal* and amendment as to the Pan Industrial Defendants is futile. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

Because the SAC's induced-infringement allegations are still bare conclusions and labels, any further amendment would be futile and leave the claims subject to dismissal under Rule 12(b)(6).

## CONCLUSION

In conclusion, Plaintiff's Second Amended Complaint should be struck because Plaintiff failed to obtain consent or leave as required by Rule 15(a)(2) and permitting leave would be futile in light of Plaintiff's failed attempts to address his pleading deficiencies and the immaterial nature of the proposed amendments contained in the Second Amended Complaint. Therefore, the Pan Industrial Defendants respectfully requests that the Court grant the Motion to Strike, grant the Motion to Dismiss, dismiss the foregoing claims in the First Amended Complaint and/or the

Second Amended Complaint with prejudice, without leave to replead, and for all other relief to which the Pan Industrial Defendants may be entitled at law or equity.

Dated: February 5, 2026                          Respectfully submitted,

By: */s/ Timothy C. Bauman*                       By: */s/ C. Anderson Parker*
    Timothy C. Bauman                            C. Anderson Parker
    *Admitted pro hac vice*                      Attorney-in-Charge
    SDNY/EDNY No. TB2536                          SDTX: 567726
    tbauman @baumanlawgroup.com                  andy@psd.law
    Katrina Loyer
    *Admitted pro hac vice*                  **PARKER SANCHEZ & DONNELLY**
    SDNY/EDNY No. 4940607                     **PLLC**
    kloyer@baumanlawgroup.com                700 Louisiana St., Ste. 4520
                                            Houston, TX 77002
**BAUMAN LAW GROUP P.C.**                         (713) 659-7200
141 Parkway Road, Suite 8
Bronxville, NY 10708
(914) 337-1715

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                        */s/ C. Anderson Parker*
                                        C. Anderson Parker