**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MAX A. RADY,

    Plaintiff,

v.

BOSTON CONSULTING GROUP, INC., DE
BEERS PLC, D/B/A DE BEERS GROUP,
ANGLO AMERICAN PLC,  ORIGYN
FOUNDATION, DE BEERS JEWELLERS
(US), INC., SIGNET JEWELERS,
BRILLIANT EARTH INC, DE BEERS UK
LIMITED, ORIGYN RESEARCH USA LLC
PAN-INDUSTRIAL LLC, PAN
INDUSTRIAL PLATFORMS LLC, AND
PAN INDUSTRIAL SERVICES LLC

    Defendants.

CASE NO. 4:25-cv-4031


Judge: Lee H. Rosenthal


**DEFENDANTS PAN-INDUSTRIAL LLC, PAN INDUSTRIAL PLATFORMS LLC, AND
PAN INDUSTRIAL SERVICES LLC'S REPLY IN SUPPORT OF THEIR MOTION TO
STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

FACTUAL BACKGROUND ...................................................................................................2

ARGUMENT..........................................................................................................................2

    I.      The SAC Was Filed in Violation of Rule 15 and Should Be Stricken ..........................2

        A.      Plaintiff Has Already Used His Sole Amendment as of Right ..............................3

        B.      The As-of-Right Window Had Closed Regardless .................................................3

        C.      No Scheduling Order Authorizes Unilateral Amendment.....................................3

        D.      The SAC Reflects Dilatory Motive and Bad Faith ...............................................4

    II.     Leave to Amend Would Be Futile and Should Be Denied ...........................................5

    III.    The Court Lacks Personal Jurisdiction Over the Pan Industrial Defendants ................6

        E.      General Jurisdiction Is Not Established .................................................................7

        F.      Specific Jurisdiction Is Not Established.................................................................8

    IV.    Venue Remains Improper Under § 1400(b)................................................................10

        A.      The Pan Industrial Defendants Do Not "Reside" in This District........................10

        B.      No "Regular and Established Place of Business" Exists in This District .............10

    V.     The SAC Still Fails to State a Claim Against the Pan Industrial Defendants...............13

        A.      No Plausible Direct Infringement Allegations.....................................................13

        B.      No Plausible Inducement to Infringe Allegations................................................14

CONCLUSION.....................................................................................................................15

**TABLE OF AUTHORITIES**

PAGE(S)

CASES

*BNSF Ry. Co. v. Tyrrell*,
  581 U.S. 402 (2017) ...............................................................................................7
*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the
  State of California*,
  1 F.4th 346 (5th Cir. 2021)..............................................................................6, 7
*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ...............................................................................................8
*Chitimacha Tribe of La. v. Harry L. Laws Co.*,
  690 F.2d 1157 (5th Cir. 1982) ...............................................................................4
*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)............................15
*Correct Transmission LLC v. ADTRAN, Inc.*,
  No. 20-cv-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021)...................................11
*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
  No. 2:23-cv-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) .................................14
*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..................................................................................... 1, 7, 8
*Daniels v. Corr. Corp*,
  47 F.3d 426 (5th Cir. 1995) ....................................................................................5
*Decapolis Sys., LLC v. Epic Sys. Corp.*,
  W-21-CV-00434-ADA, 2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) ...................................3
*Elizondo v. Keppel Amfels, L.L.C.*,
  No. 1:14-CV-220, 2015 WL 1976434 (S.D. Tex. May 1, 2015) ..........................................8
*Fractus S.A. v. ZTE Corp.*,
  No. 17-cv-00561-JRG, 2018 WL 11363369 (E.D. Tex. Sept. 28, 2018)..................................13
*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .................................................................................................7
*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ............................................................ 10, 11, 12, 13
*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) ...........................................................................11
*In re Southmark Corp.*,
  88 F.3d 311 (5th Cir. 1996) ..................................................................................4
*In re ZTE*,
  890 F.3d..............................................................................................................10
*Inst. for Env't Health Inc. v. Nat'l Beef Packing Co., LLC*,
  No. CV 23-0826, 2024 WL 2208948 (D. Del. May 16, 2024) ..............................................10
*Jabary v. City of Allen*,
  547 F. App'x 600 (5th Cir. 2013) .........................................................................3

*Legate v. Livingston*,
    822 F.3d 207 (5th Cir. 2016) ............................................................................................5
*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
    139 F.4th 1340 (Fed. Cir. 2025) ......................................................................................14
*Nat'l Prods. Inc. v. Pioneer Square Brands Inc.*,
    No. 2:25-CV-00666-DGE, 2026 WL 221137 (W.D. Wash. Jan. 28, 2026) .........................7, 10
*New World Int'l, Inc. v. Ford Global Techs., LLC*,
    859 F.3d 1032 (Fed. Cir. 2017) .........................................................................................8
*North Star Innovations, Inc. v. Toshiba Corp.*,
    No. 16-115-LPS, 2016 WL 7107230 (D. Del. Dec. 6, 2016)...........................................13
*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) .............................................................................................9
*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
    No. 21-cv-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ....................................11
*Personal Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017) .............................................................................12
*Sangha v. Navig8 ShipManagement Private Ltd.*,
    882 F.3d 96 (5th Cir. 2018) ...............................................................................................9
*Seven Networks, LLC v. Google LLC*,
    315 F. Supp. 3d 933 (E.D. Texas 2018) ..........................................................................10
*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017) ......................................................................................................1, 10
*U.S. ex rel. Mathews v. HealthSouth Corp.*,
    332 F.3d 293 (5th Cir. 2003) ...........................................................................................1, 3
*Uniloc USA, Inc. v. Nutanix, Inc.*,
    No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017)...........................12
*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................................9
*Westech Aerosol Corp. v. 3M Co.*,
    No. 17-cv-5067-RBL, 2017 WL 3387363 (W.D. Wash. Aug. 7, 2017) ..........................13

STATUTES

28 U.S.C. § 1400(b) ..............................................................................................................10, 15
35 U.S.C. § 271(a) .......................................................................................................................13

RULES

Fed. R. Civ. P. 12(b)(2)................................................................................................................15

Defendants Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC (collectively, "the Pan Industrial Defendants") respectfully submit this reply in support of their motion to strike Plaintiff's Second Amended Complaint. Dkt. 51.

## INTRODUCTION

Plaintiff's Opposition to the Motion to Strike confirms that the Second Amended Complaint was filed without consent or leave, in violation of Federal Rule of Civil Procedure 15(a)(2). Opp., Dkt. 56. Rather than confronting the procedural defect head-on, Plaintiff retreats to the novel theory that a model scheduling "template" posted on the Court's website—which has not been entered as an order in this case—somehow suspends Rule 15 and authorizes unilateral amendment. No case supports that theory. Plaintiff also conspicuously fails to address (i) the Fifth Circuit's controlling rule that a pleading filed without required leave "has no legal effect," *U.S. ex rel. Mathews v. HealthSouth Corp*., 332 F.3d 293, 296 (5th Cir. 2003), (ii) the independent timing bar of Rule 15(a)(1)(B), or (iii) the bad-faith and dilatory-motive grounds that independently support denial of leave.

In place of legal argument, Plaintiff's Opposition pivots to a collection of extra-pleading materials—GitHub commit logs, YouTube interview transcripts, a Texas nonprofit's donation address, and website screenshots—in a renewed attempt to establish personal jurisdiction and venue. But Plaintiff has produced no sworn declaration to rebut the Pan Industrial Defendants' attestation that they are Delaware LLCs with their principal places of business in California, with no offices, employees, property, or operations in Texas. Websites, videos, and code timestamps do not answer the sworn facts in the Schwartz Declaration, and they do not satisfy the exacting requirements of *Daimler AG v. Bauman*, *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, and *In re Cray Inc*.

The Court should strike the Second Amended Complaint ("SAC", Dkt. 44) for failure to

obtain leave, deny any implied request for leave as futile, and grant the Pan Industrial

Defendants' pending motion to dismiss with prejudice.

## FACTUAL BACKGROUND

The Pan Industrial Defendants incorporate by reference the Factual Background set forth

in their opening Motion to Strike. Dkt. 51. The following additional facts, drawn from Plaintiff's

own Opposition, are relevant to the arguments below.

Plaintiff concedes that "no scheduling order has been entered in this case." Opp. at 11.

Plaintiff does not deny that he filed the SAC on the same day his opposition to the Pan Industrial

Defendants' Motion to Dismiss (Dkt. 34) was due. Plaintiff does not dispute that his counsel was

notified on January 20, 2026 that the SAC violated Rule 15 and was inoperative. And Plaintiff

does not dispute that he never sought or obtained written consent from any defendant—including

BCG, De Beers, Signet, Brilliant Earth, or any other named defendant—before filing the SAC.

To oppose jurisdiction and venue, Plaintiff now relies upon: (i) GitHub commit logs

reflecting timestamps in the "Central Time Zone" that Plaintiff attributes to Austin Fatheree; (ii)

a Texas nonprofit organization called ICDevs.org that lists a Fulshear, Texas address; (iii) Mr.

Fatheree's LinkedIn profile; (iv) Pan Industrial's publicly accessible website; and (v) YouTube

interview videos in which Mr. Fatheree describes his technical work. Opp. at 1–6. None of this

constitutes sworn testimony, none rebuts the Schwartz Declaration, and none establishes the

concrete, defendant-specific contacts required for personal jurisdiction or the physical place-of-

business required for patent venue.

## ARGUMENT

### I.    The SAC Was Filed in Violation of Rule 15 and Should Be Stricken

Under Rule 15(a), a party may amend its pleading once as a matter of course under

limited circumstances; otherwise, amendment requires the opposing party's written consent or

leave of court. Fed. R. Civ. P. 15(a). An amended complaint filed without the required leave or consent "has no legal effect," U.S. ex rel. Mathews, 332 F.3d at 296, and courts "may properly strike" such a pleading. Decapolis Sys., LLC v. Epic Sys. Corp., W-21-CV-00434-ADA, 2021 WL 5908403, at *2 (W.D. Tex. Dec. 14, 2021); Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013). The SAC satisfies all the criteria for being stricken, and Plaintiff's Opposition does not demonstrate otherwise.

### A.    Plaintiff Has Already Used His Sole Amendment as of Right

Plaintiff used his one amendment as of right when he filed the First Amended Complaint ("FAC") on October 27, 2025, adding the Pan Industrial Defendants. Dkt. 25. Any further amendments require written consent of all opposing parties or leave of court. Fed. R. Civ. P. 15(a)(2). Plaintiff obtained neither. Plaintiff's counsel telephonically asserted that "an anticipated scheduling order would permit amendment without leave" (Dkt. 51 at 3), but Plaintiff's own Opposition concedes that no scheduling order has ever been entered. Opp. at 11. Therefore, there is no operative order in this case that modifies the default requirements of Rule 15(a)(2).

### B.    The As-of-Right Window Had Closed Regardless

Even if Plaintiff's first amendment right somehow remained available as to the Pan Industrial Defendants, it would have expired before the SAC was filed. Rule 15(a)(1)(B) permits amendment as of right within 21 days after service of a motion under Rule 12(b). The Pan Industrial Defendants filed their Motion to Dismiss on December 12, 2025. Dkt. 34. The 21-day window closed on or about January 2, 2026. The SAC was filed ten days later, on January 12, 2026. Dkt. 44. By the time the SAC was filed, there was no basis—as of right or by prior order— to amend without consent or leave of court.

### C.    No Scheduling Order Authorizes Unilateral Amendment

Plaintiff's primary argument is that this Court's Standard Patent Case Order and model

3

Scheduling Order Template "make clear that the Court does not want to be bothered with motions for leave to amend until the case is much farther along." Opp. at 11. That argument fails as a matter of law for three independent reasons.

First, the template is not a court order. It is a publicly available reference document describing standard deadlines that the parties are directed to "make a good faith effort to jointly propose." Dkt. 3. Until the Court enters a scheduling order adopting those deadlines in this specific case, the template has no binding legal effect. The template does not and cannot suspend the requirements of Rule 15(a)(2), which is a Federal Rule of Civil Procedure.

Second, the template's statement that "it is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings" presupposes that a case-specific scheduling order has been entered establishing that deadline. Here, no such order exists. There is no "deadline to amend pleadings" in this case because no scheduling order has been entered. The template's waiver of motion for leave therefore has no application.

Third, the Court's January 8, 2026 Order modified the briefing schedule for the Motion to Dismiss and set January 12, 2026 as the deadline for "plaintiff's response to the motion to dismiss." Dkt 43. It did not grant leave to amend, establish an amendment deadline, or modify Rule 15(a)'s requirements in any respect. A deadline for a responsive brief does not authorize replacement of that brief with an unauthorized amended complaint.

### D.    The SAC Reflects Dilatory Motive and Bad Faith

The Court may deny leave to amend—and strike an unauthorized pleading—for bad faith or dilatory motive. *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

The SAC bears all the hallmarks of a dilatory filing. On the date Plaintiff's opposition to the Motion to Dismiss was due, Plaintiff filed the SAC instead of an opposition brief. He then

4

remained silent when BCG's counsel notified him on January 20, 2026 that the SAC was procedurally defective and demanded an explanation. Dkt. 51 at 3. This tactic is precisely the kind of maneuver courts condemn: rather than defending the FAC on the merits, Plaintiff used an unauthorized amendment to buy time, reset the briefing clock, and burden the Court and the Pan Industrial Defendants with a new round of motion practice. Allowing this bath faith tactic would create a roadmap for every plaintiff facing a difficult motion to dismiss to file an unauthorized amended complaint on the eve of the response deadline—indefinitely delaying adjudication.

Plaintiff also had prior notice of each deficiency the SAC was ostensibly designed to cure: the Pan Industrial Defendants' Motion to Dismiss detailed the jurisdictional, venue, and pleading failures of the FAC in December 2025. Despite having been on notice, Plaintiff's SAC is, as shown herein, virtually identical to the FAC with respect to the Pan Industrial Defendants. The Court should decline to reward this conduct by striking the SAC.

## II.    Leave to Amend Would Be Futile and Should Be Denied

Even if the Court were inclined to treat the SAC as a motion for leave to amend, leave should be denied as futile. An amendment is futile when the proposed pleading would fail to state a claim, would not survive a Rule 12(b) motion, or would not cure the deficiencies of the original pleading. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016); *Daniels v. Corr. Corp*, 47 F.3d 426 (5th Cir. 1995).

The SAC is virtually identical to the FAC with respect to the Pan Industrial Defendants. It does not identify any new Texas offices, property, or employees of any Pan Industrial Defendant. It does not allege any Texas-directed sales or uses of the accused devices by any Pan Industrial Defendant. It relies on the same conclusory, group-pled infringement and inducement allegations. And it offers no new facts showing that any of the Pan Industrial Defendants knew of the asserted patents prior to lawsuit.

5

For these reasons, any forthcoming motion for leave should be denied.

### III.    The Court Lacks Personal Jurisdiction Over the Pan Industrial Defendants

Plaintiff bears the burden of establishing personal jurisdiction over each defendant.

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 350 (5th Cir. 2021). Despite extensive opportunity to plead and present facts, Plaintiff's Opposition still relies on: (a) Mr. Fatheree's personal promotional activities from his private home; (b) the alleged activities of a separate Texas nonprofit, ICDevs.org; and (c) Origyn Foundation's Houston office.[1] None of these bases, individually or collectively, satisfies the requirements for general or specific jurisdiction over the Pan Industrial Defendants.

Critically, Plaintiff offers no sworn declaration rebutting the Schwartz Declaration's attestations that each Pan Industrial Defendant is a Delaware LLC with its principal place of business in California; that none of them have offices, employees, registered agents, or property in Texas; and that none of them makes, uses, sells, or imports any product anywhere. Schwartz Decl. ¶¶ 2–10, Dkt. 34-1. Plaintiff's unauthenticated internet-sourced materials do not constitute admissible evidence and thus fails to establish jurisdiction over the defendants.[2]

---

[1] While repeatedly referring to "Origyn's" Houston office in their Opposition (see Opp. at 3 and 7), Plaintiff's SAC does not allege that Origyn has a Houston office, but rather than they "regularly conduct business" out of the very same BCG office that Pan Industrial previously averred having no connection to. *See* SAC 17; Motion to Dismiss at 15 ("There is no record evidence that the Pan Industrial Defendants own, lease, or control the BCG facility or exercise any attributes of possession or control over it") *Id.* at 14 ("The BCG office at 1221 McKinney Street is presumably owned, lease and operated exclusively by BCG, a separate entity."); Schwartz Decl. ("Pan Industrial [Defendants] do not operate out of or regularly conduct business out of BCG's Houston Office").

[2] Plaintiff's request for jurisdictional discovery, raised in a footnote, Opp. at 8 n.12, should be denied. Jurisdictional discovery is not a matter of right; it is appropriate only where a plaintiff makes a colorable showing of jurisdiction and identifies specific, factual disputes that targeted discovery is likely to resolve. The plaintiff must "identify with particularity the discovery sought, explain what information it expects to obtain, and explain how that information would support the assertion of personal jurisdiction." *Broadway Nat'l Bank v. Plano Encryption Techs*., LLC, 173 F. Supp. 3d 469, 480 (W.D. Tex. 2016). Plaintiff has already used the internet to collect websites, video interviews, GitHub logs, and LinkedIn profiles. He cannot identify any specific, non-public fact that targeted discovery would reveal or explain how any such fact would cure the deficiencies identified above. Plaintiff has had multiple opportunities to plead adequate jurisdictional facts and has failed each time. "When the lack of venue is clear,

### E.    General Jurisdiction Is Not Established

General jurisdiction over a corporate entity is "paradigmatically" proper only in the state of incorporation and the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014); *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413–14 (2017). The Pan Industrial Defendants are incorporated in Delaware and, as attested in the Schwartz Declaration, maintain their principal places of business in California.[3] Neither forum is Texas.

Plaintiff argues that Pan Industrial is "at home" in Texas because Mr. Fatheree promotes Pan Industrial from Houston and there is "no evidence" of business activity in California "beyond corporate registration." Opp. at 9. This argument fails on multiple independent grounds.

First, Plaintiff inverts the burden. Pan Industrial is not required to prove activity in California; Plaintiff bears the burden of establishing jurisdiction in Texas. *Bulkley & Assocs*, 1 F.4th at 350. The Schwartz Declaration attests to California as Pan Industrial's principal place of business, and Plaintiff offers no admissible evidence rebutting that sworn attestation.

Second, Plaintiff relies on a "nerve center" theory to argue that Houston is Pan Industrial's true operational base. Opp. at 9-10. But the nerve center test under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is a tool for determining a corporation's citizenship for purposes of diversity jurisdiction—it is not a test for personal jurisdiction or patent venue. "Cray cannot be conflated with the 'nerve center' test used to determine a corporation's citizenship for purposes of diversity jurisdiction." *Nat'l Prods. Inc. v. Pioneer Square Brands Inc.*, No. 2:25-CV-00666-

---

discovery would serve no purpose and should not be allowed." *Broadway Nat'l Bank*, 173 F. Supp. 3d at 481 (*citing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Jurisdictional discovery is simply a mechanism to impose undue burden and expense on entities that have attested—under oath—that they have no Texas presence or operations. The Court should decline Plaintiff's invitation and resolve the motion on the existing record.

[3] Plaintiff concedes that each Pan Industrial Defendant is a Delaware LLC and that it lists its principal place of business in California. (Opp. at 6).

DGE, 2026 WL 221137, at *8 (W.D. Wash. Jan. 28, 2026). Even if it were the right test, a single minority equity holder working from his personal residence does not establish that Houston is the actual center of direction, control and coordination of corporate activity. *Elizondo v. Keppel Amfels, L.L.C.*, No. 1:14-CV-220, 2015 WL 1976434, at *7 (S.D. Tex. May 1, 2015) (holding despite some leadership activities occurring from Texas offices, the corporation's "overall direction, control, and coordination" came from Singapore).

Third, an "extraordinary case" warranting general jurisdiction outside the paradigm forums requires "contacts 'so continuous and systematic as to render [the entity] essentially at home'" in the forum. *Daimler*, 571 U.S. at 138–39. Plaintiff identifies no Pan Industrial office, no Pan Industrial employees, no Pan Industrial bank account, no Pan Industrial tax filings, and no Pan Industrial client engagements in Texas. The Opposition's "evidence" amounts to one individual—who simultaneously represents Origyn Foundation, Pan Industrial, and ICDevs.org[4]—working from his personal home. That is not an extraordinary case of general jurisdiction.

### F.    Specific Jurisdiction Is Not Established

Specific jurisdiction requires that (1) each defendant purposefully directed its own activities at the forum and (2) the claims arise out of or relate to those forum-directed activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985). The Federal Circuit requires defendant-specific facts satisfying this test as to each named defendant in patent cases. *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037–38 (Fed. Cir. 2017).

Plaintiff's specific jurisdiction theory has three fundamental flaws.

---

[4] Pan Industrial denies any association with ICDevs.org or with Mr. Fatheree's work for the organization. Plaintiff has deceptively added claims about ICDevs.org to their Opposition while citing to the SAC, (*see* Opp. at 3, 4, 5 and 6), however, the organization was absent from any allegations in the SAC. *See* SAC, Dkt. 44.

First, Plaintiff improperly relies on the contacts of Origyn and ICDevs.org. Jurisdiction must be based on the defendant's own contacts with the forum, not "the plaintiff's contacts with the forum" or the contacts of third parties. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). That Origyn has a Houston office says nothing about Pan Industrial's jurisdictional contacts. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (finding defendant's relationship with a third party having forum contacts insufficient). Similarly, ICDevs.org's Texas presence cannot be imputed to Pan Industrial absent an adequate alter ego, agency, or veil-piercing theory—none of which Plaintiff has pled or argued.

Second, Plaintiff's agency theory fails as pled. Plaintiff argues that Mr. Fatheree's Texas activities are imputable to Pan Industrial because he acts as its agent. Opp. at 8. But the Opposition itself acknowledges that Mr. Fatheree simultaneously "represents" Origyn Foundation, Pan Industrial, and ICDevs.org in public appearances. Opp. at 6. Plaintiff has not— and cannot—identify which specific activities were performed on behalf of Pan Industrial rather than on behalf of Origyn or ICDevs. Without particularized allegations that Mr. Fatheree was acting specifically as Pan Industrial's agent in conducting any specific Texas-directed activity, and that Pan Industrial directed and controlled that activity, imputation is not permissible. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–70 (5th Cir. 2001).

Third, even crediting all of Plaintiff's allegations, the identified "contacts" do not give rise to the patent claims asserted. Specific jurisdiction requires that claims "arise out of or relate to" the defendant's forum contacts. *Walden,* 571 U.S. at 284. Plaintiff's patent claims are directed to the alleged use of scanners and the Origyn Minting Box to scan physical assets. Plaintiff has not identified a single instance of any Pan Industrial Defendant making, using, selling, or importing an accused device in Texas or anywhere else. Without a concrete nexus between any

9

alleged Texas activity and an accused act of infringement, specific jurisdiction fails.

## IV.   Venue Remains Improper Under § 1400(b)

Venue in patent cases is governed exclusively by 28 U.S.C. § 1400(b) and lies only where the defendant (1) "resides" or (2) has committed acts of infringement and has "a regular and established place of business." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262–63 (2017). Plaintiff bears the burden of establishing proper venue under § 1400(b). *In re ZTE*, 890 F.3d at 1013. Neither prong is satisfied here.

### A.   The Pan Industrial Defendants Do Not "Reside" in This District

Under § 1400(b), a domestic corporation or LLC "resides" only in its state of organization. *Inst. for Env't Health Inc. v. Nat'l Beef Packing Co., LLC*, No. CV 23-0826, 2024 WL 2208948, at *3 (D. Del. May 16, 2024); *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 938-41 (E.D. Texas 2018). The Pan Industrial Defendants are organized under Delaware law. SAC ¶ 4; Opp. at 6. They do not reside in the Southern District of Texas, and the first prong of § 1400(b) is unavailable.

Plaintiff's "nerve center" argument fares no better here than in the jurisdiction analysis. The residency prong of § 1400(b) refers to the state of incorporation, not a corporation's operational center. *TC Heartland*, 581 U.S. at 262–63 (2017). The *Hertz* nerve center test simply does not apply to the patent venue statute. *Nat'l Prods.*, 2026 WL 221137, at *8.

### B.   No "Regular and Established Place of Business" Exists in This District

A "regular and established place of business" requires proof of three elements: (1) a physical place in the district; (2) that is a regular and established place of business; and (3) that is "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any element is absent, "venue is improper under § 1400(b)." *Id.* at 1362–63. *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 21-cv-00714, 2022 WL 1597364, at *2 (E.D. Tex. May

10

19, 2022). Plaintiff fails all three.

### 1.    *No Physical Pan Industrial Place in This District*

The Pan Industrial Defendants own, lease, and control no property in this District. Schwartz Decl. ¶¶ 3–4, 6–7. Plaintiff's sole candidate for a "physical place" is Mr. Fatheree's private home in the Houston area. But a home becomes a corporate "place of business" only when the company itself owns, leases, or controls the location, stores inventory or equipment there, or otherwise "ratifies" it as a company facility. *Cray*, 871 F.3d at 1362–63; *Correct Transmission LLC v. ADTRAN, Inc.*, No. 20-cv-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021). Pan Industrial does not own or lease any portion of Mr. Fatheree's home, does not store any inventory or equipment there, and has never listed that address as a corporate address. Schwartz Decl. ¶¶ 3–4, 6–7, 13.

Plaintiff argues that Pan Industrial's nationally accessible website and Mr. Fatheree's internet activity constitute a "physical place." They do not. A website accessible everywhere is not a physical place anywhere.

### 2.    *No Regular Established Corporate Business in This District*

Even if Mr. Fatheree's home qualified as a physical place, it is not a "regular and established" place of business of any Pan Industrial Defendant. A "regular and established place of business" requires "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business.*" In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Mr. Fatheree is not a salaried employee of Pan Industrial;[5] he is a co-founder and minority equity holder who also simultaneously represents Origyn Foundation and ICDevs.org. Plaintiff's own Opposition acknowledges that Mr. Fatheree

---

[5] The Pan Industrial Defendants dispute any allegations that they have employees in the District. Schwartz Decl, ¶¶ 3-4.

"represents" all three entities in public. Opp. at 6. The portion of his activities attributable specifically to Pan Industrial's business—as opposed to Origyn's or ICDevs's—is never identified.

Critically, Pan Industrial never required, conditioned, or encouraged Mr. Fatheree to maintain his home in this District, did not select the location, and does not pay or subsidize any portion of his home expenses. "For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers." *Cray*, 871 F.3d at 1365. *See also Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017); *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017).

### 3. The Alleged "Place" Is Not the Defendants' Place

Plaintiff does not allege that any Pan Industrial Defendant holds out Mr. Fatheree's home as its office, lists it as a corporate address, or otherwise treats it as a company facility. To the contrary, the record reflects that the Pan Industrial Defendants maintain their principal places of business in California, with no company-owned or-leased premises in Texas.

Plaintiff's GitHub-timestamp theory fares no better. GitHub commit logs reflect the time zone setting of the committing computer, not the physical location of the developer. There are twenty states and seven South American countries that are either partially or fully within the Central Time zone. A developer anywhere in the world can configure their workstation to Central Time. Plaintiff presents no evidence that the code was written in this District, and the GitHub records themselves cannot establish the third *Cray* element—that the place is the defendant's.

Similarly, ICDevs.org's Fulshear, Texas mailing address cannot serve as a "place" of the Pan Industrial Defendants. ICDevs.org is a distinct legal entity—a Texas nonprofit. Any activities Mr. Fatheree conducts through ICDevs are performed in his capacity as Executive

12

Director of that separate organization, not as a representative of Pan Industrial. Under *Cray* and its progeny, a defendant's "place" must be one that "the defendant, not an individual employee, has established." *Cray*, 871 F.3d at 1363. Neither Mr. Fatheree's home nor ICDevs's mailing address was established by any Pan Industrial Defendant. *See Westech Aerosol Corp. v. 3M Co.*, No. 17-cv-5067-RBL, 2017 WL 3387363, at *3 (W.D. Wash. Aug. 7, 2017); *Fractus S.A. v. ZTE Corp.*, No. 17-cv-00561-JRG, 2018 WL 11363369, at *2–4 (E.D. Tex. Sept. 28, 2018).

Because Plaintiff cannot satisfy any *Cray* elements, venue over the Pan Industrial Defendants is improper in this District. Dismissal is appropriate because Plaintiff has not identified any acts of infringement committed by any Pan Industrial Defendant in any district.

### V.     The SAC Still Fails to State a Claim Against the Pan Industrial Defendants

Even if jurisdiction and venue could somehow be established, the SAC still fails to state a claim for direct or induced infringement against any Pan Industrial Defendant.

### A.     No Plausible Direct Infringement Allegations

Section 271(a) requires that a defendant "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). To state a plausible claim, a plaintiff must allege defendant-specific facts showing how each named defendant practices or controls the accused instrumentality. *North Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS, 2016 WL 7107230, at *1–2 (D. Del. Dec. 6, 2016).

The SAC offers no such facts as to the Pan Industrial Defendants. It continues to allege in group fashion that "Defendants" collectively "use, promote, offer for sale and/or sell" the Origyn Minting Box. SAC ¶¶ 144, 158, 177. The SAC does not identify a single specific instance of any Pan Industrial Defendant making, using, selling, or importing an accused scanner or Minting Box. It identifies no customer, no contract, no shipment, and no date attributable to any Pan Industrial entity. It does not allege which specific Pan Industrial Defendant (LLC, Platforms

13

LLC, or Services LLC) engaged in any specific act.[6]

The "sole integrator" label does not cure these omissions. Being described as Origyn's certified integrator is a characterization of a business relationship, not an allegation of a specific infringing act. Labeling a company an "ecosystem integrator" or "integration partner" does not establish that the company makes, uses, sells, or imports any accused device.

### B. No Plausible Inducement to Infringe Allegations

A claim for induced infringement requires that "there has been direct infringement by a third party and that the alleged infringer affirmatively induced that infringement with knowledge that the induced acts constituted patent infringement." *Mitek Sys., Inc. v. United Servs. Auto. Ass'n,* 139 F.4th 1340, 1350 (Fed. Cir. 2025)(citations omitted). This demands (i) knowledge of the asserted patent, (ii) knowledge that the induced acts constitute infringement, and (iii) affirmative acts specifically directing another to perform infringing steps. *Id.*

The SAC and Opposition are fatally deficient on all three elements as to the Pan Industrial Defendants. On knowledge of the patents, Plaintiff theorizes that Pan Industrial should have known of the asserted patents because certain individuals involved in "Project Midnight" knew of an earlier, now-invalidated patent application. Opp. at 12. This chain of inference is far too attenuated. The Pan Industrial entities did not exist at the time of the prior BCG litigation. The present asserted patents (the '261 and '496) are different patents. And Plaintiff does not allege that any Pan Industrial Defendant received, read, or was otherwise provided actual notice of those patents prior to this lawsuit. *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311-JRG, 2024 WL 1219725, at *6–7 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit indirect claims absent facts plausibly showing defendant knew of asserted patents prior to suit).

---

[6] Notably, Pan Industrial Platforms LLC is a holding company with no operations, no products, and no employees—it cannot have committed any act of direct infringement. Schwartz Decl. ¶ 4.

On specific intent, the SAC alleges that Pan Industrial "promotes" Origyn's platform and "plugs large industry players" into the Origyn infrastructure. SAC ¶ 96; Opp. at 13-14. Promotion and facilitation of a platform is not the same as specifically intending that others perform each step of the asserted patent claims. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (dismissing induced-infringement claims lacking "specific intent to induce"). The SAC contains no allegations identifying specific marketing materials, instructions, customers, or acts by which any Pan Industrial Defendant directed another party to perform the steps of any asserted claim.

Because the SAC's inducement allegations remain bare conclusions, any further amendment would be futile and the claims remain subject to dismissal under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons and those in Pan Industrial Defendants' opening brief, the Pan Industrial Defendants respectfully request that the Court:

1.  Strike Plaintiff's Second Amended Complaint as to the Pan Industrial Defendants for failure to comply with Rule 15(a)(2), the Rule 15(a)(1)(B) timing requirement, and on grounds of dilatory motive and bad faith;

2.  Deny any motion by Plaintiff for leave to file the SAC as futile;

3.  Grant the Pan Industrial Defendants' Motion to Dismiss Plaintiff's claims against them in the First Amended Complaint (or, if the Court elects to treat the SAC as operative, dismiss the claims as pled in the SAC) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(b), and failure to state a claim under Fed. R. Civ. P. 12(b)(6);

4.  Dismiss all claims against Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial Services LLC with prejudice and without leave to replead; and

5.  Grant any other relief to which the Pan Industrial Defendants may be entitled at law or in equity.

15

Dated: March 13, 2026                      Respectfully submitted,

By: */s/ Timothy C. Bauman*           By: */s/ C. Anderson Parker*

    Timothy C. Bauman                C. Anderson Parker
    *Admitted pro hac vice*             Attorney-in-Charge SDTX: 567726
    SDNY/EDNY No. TB2536          andy@psd.law
    tbauman @baumanlawgroup.com    **PARKER SANCHEZ & DONNELLY**
    Katrina Loyer                     **PLLC**
    *Admitted pro hac vice*
    SDNY/EDNY No. 4940607          700 Louisiana St., Ste. 4520
    kloyer@baumanlawgroup.com     Houston, TX 77002
                                   (713) 659-7200
    **BAUMAN LAW GROUP P.C.**
    141 Parkway Road, Suite 8
    Bronxville, NY 10708
    (914) 337-1715

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                              */s/ C. Anderson Parker*
                              C. Anderson Parker

16