**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| MAX A. RADY, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-25-4031 |
| | § § | |
| BOSTON CONSULTING GROUP, INC., *et al.*, | § § § | |
| | § | |
| Defendants. | § § | |

**MEMEORANDUM OPINION AND ORDER**

Max A. Rady has moved for an order authorizing alternative service of several named defendants.  (Docket Entry No. 61).  This court ordered any party opposing Rady's motion to file a response.  (Docket Entry No. 62).  De Beers PLC appeared specially to do so and to contest service.  (Docket Entry No. 66).  Rady replied.  (Docket Entry No. 67).  After a review of the parties' arguments, the record, and the appliable law, the court grants in part and denies in part Rady's motion for alternative service.  (Docket Entry No. 62).

Under Rule 4(f), a foreign corporation can be served outside of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Because Rule 4(f) is written permissively and disjunctively, "[s]ervice pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 647 (5th Cir. 1994). "Service on a foreign defendant is therefore proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *GangPeng*, 2022 WL 445161, at *3.

De Beers argues that "Rule 4(f)(3) does not permit a plaintiff to bypass the Hague Convention for serving a foreign entity based on convenience alone." (Docket Entry No. 66 at 7). This is an incorrect statement of law. Both this court and the Fifth Circuit have clearly stated that the Federal Rules of Civil Procedure "do not require immediate resort to the Hague Convention or other international methods." *Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012); *see Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J) ("A plaintiff need not first seek to serve a foreign defendant under Rule 4(f)(2) before turning to Rule 4(f)(3); service under either subsection is acceptable."). "[C]ourt-directed

service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see* 4B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1134 (4th ed. 2026) ("The use of a court-directed means for service of process under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief.").

When moving for court-ordered service under Rule 4(f)(3), plaintiffs assume the risk of difficulties in "enforc[ing] their judgments abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988). Likewise, even if service is effected under Rule 4(f)(3), a foreign defendant "is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982); *see Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979) ("[I]n order for there to be in personam jurisdiction there must be valid service of process."). A foreign defendant may reasonably take that risk if it is judgment proof in the United States and is certain that the court-ordered service is ineffective under foreign law. But in the end, Rule 4(f) contemplates a minimal judicial role to ensure service "is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *GangPeng*, 2022 WL 445161, at *3.

A court order authorizing service under Rule 4(f)(3) is appropriate "to expedite the process and avoid additional costs of service." *Baker Hughes*, 2012 WL 1551727, at *17. But extra justification may be required if the proposed method of service "directly contravenes" or "greatly offends" foreign law. *Id.* The court therefore grants in part Rady's motion and will authorize

3

alternative service "to move a case along." *Lozano*, 693 F.3d at 489 (quoting *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000)).

The remaining question is whether Rady's proposed method of alternative service is warranted in this case. Rady seeks to serve the foreign defendants' U.S. subsidiaries via first class mail and/or international courier and via email. (Docket Entry No. 61 at 9–10). He also seeks to serve the foreign defendants' respective counsel of record. (*Id.*). Rady's proposed methods of service are appropriate in part.

The court readily approves Rady's proposed methods of service. First-class mail and mail via courier are effective means of providing notice, *see* FED. R. CIV. P. 4(d)(1)(G); "courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)," *WorldVentures Holdings, LLC v. Mavie*, No. 4:18CV393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018) (citing *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2–3 (E.D. Tex. Jan. 23, 2012)); and the Fifth Circuit has repeatedly approved service on foreign defendants by email, *see, e.g.*, *GangPeng*, 2022 WL 445161, at *3; *Nagravision SA*, 882 F.3d at 498.

The issue is *who* Rady proposes to serve: the foreign defendants' domestic subsidiaries. Service on domestic subsidiaries is appropriate because the domestic subsidiary is "an authorized agent" of the foreign defendant, *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (per curiam), or is in fact the foreign defendant (that is, "the two entities are essentially one"), *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990). Rady takes the latter route, arguing that the foreign defendants in this case are essentially their domestic subsidiaries. (Docket Entry No. 61 at 1–10). The court declines to rule on Rady's theory at this stage and on this limited record. Holding that the two corporations are essentially one has

4

important liability and judgment-enforcement implications, *see Abdel-Fattah v. Pepsico, Inc.*, 948 S.W.2d 381, 384–85 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Sagebrush Sales Co. v. Strauss*, 605 S.W.2d 857, 860 (Tex. 1980), and it is not necessary to affording Rady the relief he seeks, which is court-authorized service of process.   Rady should instead serve the foreign defendants themselves via first-class mail, email, and/or their counsel.

For these reasons, Rady's motion for alternative service, (Docket Entry No. 61), is granted in part and denied in part.  Rady may serve the foreign defendants under Rule 4(f)(3), but he must serve the foreign defendants directly.  Rady must file by May 1, 2026, another motion showing who he plans to serve via first-class mail and/or email and how that will provide them with actual notice.  *See GangPeng*, 2022 WL 445161, at *3 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Any party opposing the renewed motion must file a response of no more than five pages by May 6, 2026.  Rady may file a reply of no more than three pages by May 8, 2026.

SIGNED on April 20, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

5