UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAX A. RADY,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON CONSULTING GROUP, INC., DE BEERS PLC, D/B/A DE BEERS GROUP, ANGLO AMERICAN PLC, ORIGYN FOUNDATION, DE BEERS JEWELLERS (US), INC., SIGNET JEWELERS LIMITED, BRILLIANT EARTH INC, DE BEERS UK LIMITED, ORIGYN RESEARCH USA LLC, PAN-INDUSTRIAL LLC, PAN INDUSTRIAL PLATFORMS LLC, AND PAN INDUSTRIAL SERVICES LLC,<br><br>Defendants. | Case No.: 4:25-cv-4031 (LHR) |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Max A. Rady ("Plaintiff" or "Rady") and Defendants The Boston Consulting

Group, Inc., De Beers Plc d/b/a Beers Group, De Beers Jewelers (US), Inc., De Beers UK

Limited, Anglo American Plc, Origyn Foundation, Signet Jewelers Limited, Brilliant Earth Inc.,[1]

Origyn Foundation, Pan-Industrial LLC, Pan Industrial Platforms LLC, and Pan Industrial

Services LLC (each a "Defendant" and collectively "Defendants")[2] respectfully submit this Joint

---

[1] Brilliant Earth Inc. does not exist. Brilliant Earth has notified Plaintiff that Brilliant Earth Inc. does not exist and Brilliant Earth LLC is the correct operating entity. Brilliant Earth is awaiting Plaintiff's position on how it intends to proceed.

[2] Plaintiff and Defendants are referred to herein individually as a "Party" and collectively as the "Parties."

MF-370284305

Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure, Local Patent Rule 2-1(a), the Court's August 27, 2025 Order (D.I. 3) and June 18, 2026 Order (D.I. 84).

## PRELIMINARY STATEMENT

Defendants, other than Pan Industrial, have not yet responded to Plaintiff's First Amended Complaint.  Defendants' responses are due June 30, 2026.  D.I. 60.  Defendants are currently moving to dismiss and transfer on numerous grounds, including: (1) lack of personal jurisdiction; (2) improper venue under 28 U.S.C. § 1400(b); (3) invalidity under 28 U.S.C. § 101; (4) failure to state a claim; and (5) transfer pursuant to 28 U.S.C. § 1404(a).

In view of the myriad motions already pending or about to be filed, the Parties agreed during the Rule 26(f) conference to seek the Court's permission to stay discovery and to submit a proposed Scheduling Order within fourteen (14) days following the Court's resolution of Defendants' forthcoming motions to dismiss and/or transfer.  The Parties further agreed that if any motion remains unresolved ninety (90) days after the briefing on the last of said motions is complete, the Parties will jointly request a status conference with the Court to secure the Court's guidance on continuation of the stay or entry of a scheduling order.[3]  The Parties agree that exchange of initial disclosures, discovery, claim construction, and other substantive activity should not take place until resolution of the above motions because:

- These motions raise substantial questions regarding whether the Court has personal jurisdiction over multiple defendants.

- These motions raise a substantial question as to whether venue in this Court is proper under 28 U.S.C. § 1400(b) for multiple defendants.

---

[3] For the sake of clarity, the Parties understand that resolution of any motion to dismiss on 28 U.S.C. § 101 grounds may be a determination by the Court to defer resolution that motion until later in the case.

2

- These motions raise a substantial question as to whether the Asserted Patents are invalid based on 35 U.S.C. § 101.

- Resolution of these motions may result in the dismissal of one or more defendants, one or more claims, and at a minimum narrow and simplify the issues in dispute.

- Resolution of these motions will determine whether, if any claims move forward, those claims will move forward in this Court or will be transferred to and move forward in the Southern District of New York.

The Parties provide further background and address the required sections of the Rule 26(f) Report below.

    **1.**     **State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

The Rule 26(f) Conference was held by telephonic conferences on June 23, 2026, and subsequent dates. Counsel in attendance are identified below:

| **Party/ies** | **Counsel** |
|---|---|
| Max A. Rady | Karl Rupp, Sorey & Hoover, LLP<br>Peter J. Davis, Whiteford, Tayor & Preston LLP |
| Boston Consulting Group, Inc. | Kyle Mooney, Morrison Foerster LLP |
| De Beers Plc, d/b/a Beers Group;<br>De Beers Jewelers (US), Inc.;<br>De Beers Uk Limited;<br>Anglo American Plc | Joshua Calabro, Veneble LLP |
| Origyn Foundation | Stacey M. Mohr,<br>Evershed Sutherland (US) LLP |
| Signet Jewelers Limited | Christian Stahl, Quarles & Brady LLP<br>Bruce Morris, Kane Russell Coleman Logan PC |
| Brilliant Earth | Natalie Alfaro Gonzales, Yetter Coleman LLP |
| Pan-Industrial LLC;<br>Pan Industrial Platforms LLC;<br>Pan Industrial Services LLC | Tim Bauman, Bauman Law Group |

3

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court, and state how the cases are related.**

No related cases are currently pending.  Plaintiff previously filed a related case asserting infringement of a related patent in the Southern District of New York: *Rady v. Boston Consulting Group, Inc., et al.*, 1:20-cv-02285-ALC-BCM (S.D.N.Y.; filed March 13, 2020) ("SDNY Action").  In the SDNY Action, Plaintiff alleged that BCG misappropriated his invention relating to identifying and tracing diamonds or other objects in connection with its work with De Beers.  SDNY Action, D.I. 1.  Plaintiff claimed that the De Beers "Tracr" platform infringed United States Patent No. 10,469,250 ("'250 Patent").  *Id.*  Plaintiff asserted claims for patent infringement against BCG and De Beers, and claims for trade secret misappropriation and breach of contract against BCG.  *Id.*  BCG and De Beers moved to dismiss Plaintiff's patent infringement claims on the ground that the claims of the '250 Patent were invalid under 35 U.S.C. § 101 because they were directed to an unpatentable abstract idea.  SDNY Action, D.I. 38.  The Court held that the claims of the '250 Patent were directed to unpatentable abstract idea and were therefore invalid under 35 U.S.C. § 101.  SDNY Action, D.I. 58.  Plaintiff voluntarily dismissed his remaining claims for trade secret misappropriation and breach of contract with prejudice.  SDNY Action, D.I. 83.  The Federal Circuit affirmed the district court's finding that the claims of the '250 Patent were invalid on the ground that they were directed to an unpatentable abstract idea.  *See Rady v. Boston Consulting Group, Inc.*, 2024 WL 1298742 (Fed. Cir. Mar. 27, 2024).

In this case, Plaintiff asserts that Defendants infringe two patents that are continuations of the '250 Patent that was invalidated in the SDNY Action.  The asserted patents in this case are U.S. Patent Nos. 12,375,261 ("'261 Patent") and 12,401,496 ("'496 Patent"; collectively the "Asserted Patents").

4

**3.    Briefly describe what this case is about**

This is a patent infringement case.  Plaintiff asserts that Defendants infringe the '261 Patent and '496 Patent.  The '261 Patent is entitled "Physical Item Mapping to Blockchain Framework" and issued on July 29, 2025.  The '496 Patent is entitled "Physical Item Mapping to Blockchain Framework" and issued on August 26, 2025.  The Asserted Patents are continuations of, and share a specification with, the '250 Patent that Rady asserted in the SDNY Action and that was invalidated on the ground that the claims were directed to an unpatentable abstract idea.  Plaintiff alleges that an apparatus used as part of the same De Beers Tracr platform accused in the SDNY Action infringe the Asserted Patents in this action.  Plaintiff has also added several additional defendants and accused additional products and services including Valutrax, Minting Boxes, and IoT Sensor Boxes.  Plaintiff also asserts claims for correction of inventorship of two patents that issued to and are owned by De Beers, *i.e.*, United States Patent No. 11,893,809, entitled "Re-identification of Rough Gemstones" ("'809 Patent") and United States Patent No. 12,354,384, entitled "Re-identification of Rough Gemstones" ("'384 Patent").  D.I. 25, FAC Counts VI, VII.

Defendants contend that the claims of the Asserted Patents are substantially the same as the invalidated claims of the '250 Patent and that the claims of the Asserted Patents are also invalid under 35 U.S.C. § 101.  Defendants further contend that the claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112.  Defendants further contend that they do not directly or indirectly infringe, and have not directly or indirectly infringed, any claims of the Asserted Patents.

**4.    Specify the allegation of federal jurisdiction.**

Plaintiff contends that this is a patent infringement case and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5

MF-370284305

**5.      Identify the parties who disagree and the reasons.**

Defendants do not dispute that this is a case for alleged patent infringement and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Defendants dispute that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b). Defendants also dispute that they infringe any valid and enforceable claims of the Asserted Patents.

**6.      Identify any issues as to service of process, personal jurisdiction, or venue.**

BCG: Plaintiff's filing of his patent infringement claims in this Court, after Judge Carter of the Southern District of New York invalidated the related '250 Patent, is improper forum shopping.  This Court lacks personal jurisdiction over BCG.  Moreover, venue in this Court is improper under 28 U.S.C. § 1400(b).  Plaintiff is also collaterally estopped from re-litigating the validity of the claims of the Asserted Patents under 28 U.S.C. § 101; those claims are invalid whether by collateral estoppel or pursuant to an independent analysis.  Plaintiff also fails to state a claim against BCG.  But even if this Court did have personal jurisdiction over BCG, venue was proper, Plaintiff was not estopped from re-litigating the validity of the claims, and Plaintiff stated a claim, Plaintiff's claims should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  BCG intends to move to dismiss and transfer on the foregoing grounds.

De Beers / Anglo: De Beers and Anglo contend that Plaintiff's filing of his patent infringement claims in this Court, after Judge Carter of the Southern District of New York invalidated the related '250 Patent, is improper forum shopping.  De Beers and Anglo contend that this Court lacks personal jurisdiction over them and expect to move to dismiss the case on that ground, among others.  De Beers / Anglo further contend that if the Court finds that it has personal jurisdiction over De Beers / Anglo, then Rady's claims against De Beers / Anglo should

6

still be transferred to the Southern District of New York pursuant to the first-to-file rule and intend to move on that basis.

Signet: Signet contends that the Court lacks personal jurisdiction over it in this case and that Rady's claims against Signet fail to state a claim for relief and expects to move to dismiss the case on these grounds, among others. Signet further contends that Rady's claims are collaterally estopped and that the Asserted Patents are invalid under 35 U.S.C. § 101. In the alternative, Signet contends that this action should be transferred to the Southern District of New York under the first-to-file rule or in the interests of comity and judicial economy. Signet intends to move to dismiss or, in the alternative, to transfer Rady's claims.

Pan Industrial: Pan Industrial contend that this Court lacks personal jurisdiction over them, and that venue is improper, and has moved to dismiss the case on those, and other, grounds. D.I. 34

Origyn Foundation: The Origyn Foundation contends that this Court lacks personal jurisdiction over it and that it was not properly served with process and has moved to dismiss the claims against it on those bases. The Origyn Foundation is a Swiss non-profit with its principal place of business in Switzerland. It has no office, employees, or other presence in Texas or the United States as a whole.

Brilliant Earth: Brilliant Earth contends that the Court lacks personal jurisdiction over it in this case and that venue is improper, and that Rady's claims against Brilliant Earth fail to state a claim for relief, and expects to move to dismiss the case on these grounds, among others. Brilliant Earth further contends that Rady's claims are collaterally estopped and that the Asserted Patents are invalid under 35 U.S.C. § 101. In the alternative, Brilliant Earth contends that this action should be transferred to the Southern District of New York under the first-to-file rule or in

MF-370284305

the interests of comity and judicial economy.  Brilliant Earth will be moving to dismiss or, in the alternative, to transfer Rady's claims.

**7.      List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

The Parties do not currently anticipate any additional parties that should be included.

**8.      State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

Initial Disclosures have not been made.  The Parties proposed exchanging initial disclosures pursuant to Federal Rule or Civil Procedure 26(a) following resolution of Defendants' anticipated motions to dismiss and transfer.

**9.      If the case includes a claim for attorney's fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

Plaintiff has included a claim for attorney's fees.

BCG intends to seek to recover the attorney's fees and costs that it has been forced to incur in connection with this litigation pursuant to at least 28 U.S.C. § 285.  BCG currently anticipates making that motion after judgment is entered in its favor.

Signet, Brilliant Earth, De Beers /Anglo, and Pan Industrial similarly reserve all rights to seek attorneys' fees and costs.

The Origyn Foundation intends to file a motion to dismiss for lack of personal jurisdiction.  If its motion to dismiss for lack of personal jurisdiction is denied, the Origyn Foundation anticipates that it would seek attorney's fees under 28 U.S.C. § 284 or other applicable authority.

The parties agree to submit any fees issues to the Court for resolution on affidavits or declarations after the other issues are resolved.

MF-370284305

**10.     Describe the proposed agreed discovery plan.**

      **A.     Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery[4]**

**Interrogatories**: Each Defendant may serve up to twenty-five (25) interrogatories on Plaintiff.  Plaintiff may serve up to twenty-five (25) interrogatories on each Defendant. Additional interrogatories may be served by stipulation of the Parties or by order of the Court on motion of any Party.

**Requests for Admission**: Each Defendant may serve up to thirty (30) requests for admission on Plaintiff.  Plaintiff may serve up to thirty (30) requests for admission on each Defendant.  Additional requests for admission may be served by stipulation of the Parties or by order of the Court on motion of any Party.  The foregoing limitation is exclusive of requests to admit the authenticity and/or admissibility of documents at trial *provided, however*, that the Parties agree to work in good faith, as part of their pre-trial negotiations, toward a suitable stipulation regarding the authenticity and admissibility of intended trial exhibits.

**Fact Depositions:** The Parties agree to discuss limitations on fact depositions (including Rule 30(b)(6) and 30(b)(1)):

    Number of Depositions:  The Partis agree to discuss limitations on fact depositions (including Rule 30(b)(6) and 30(b)(1) in connection with their submission of a scheduling order within fourteen (14) days following the Court's resolution of Defendants' forthcoming motions to dismiss and/or transfer and to include agreed or disputed positions with that proposed scheduling order.

---

[4] The Origyn Foundation contends that it is not subject to discovery in the United States and on that basis objects to Section 10(A) in its entirety.  Notwithstanding this objection, the Origyn Foundation has no opposition to the specific limits and other parameters otherwise agreed to by the parties and contained in this section.

MF-370284305

Location of Depositions: The Partis agree to discuss the location of depositions in connection with their submission of a scheduling order within fourteen (14) days following the Court's resolution of Defendants' forthcoming motions to dismiss and/or transfer and to include agreed or disputed positions with that proposed scheduling order.

Third Party Depositions: The above limitations do not apply to third parties. The Parties shall be permitted to serve third party deposition subpoenas as necessary and appropriate and those depositions shall be subject to the seven (7) hour limit specified under the Federal Rules of Civil Procedure unless otherwise agreed or ordered by the Court.

**Expert Depositions**: Defendants shall each be entitled to up to seven (7) hours of deposition time of Plaintiff's experts per issue addressed, *i.e.*, infringement, validity, and damages. Plaintiff shall be entitled to up to seven (7) hours of deposition time of Defendants' experts per issue addressed, *i.e.*, non-infringement, invalidity, and damages.

**Privilege Logs**: The Parties will exchange privilege logs according to the scheduling order entered by the Court. The Parties agree that they will not be obligated to log (1) privileged documents created on or after August 26, 2025 (the filing of this lawsuit) or (2) privileged documents relating to the SDNY Action and created between March 13, 2020, and March 27, 2024 (the time during which the SDNY Action was being litigated). For the avoidance of doubt, the exception (2) above with respect to logging of privilege documents does not apply to privileged documents relating to '809 Patent and/or the '384 Patent issued to De Beers, the invention disclosed and claimed therein, inventorship thereof, ownership thereof, preparation, filing and prosecution of the patent applications that led thereto.

10

MF-370284305

**Production Format**: The Parties agree that documents should be produced in the following format:

- Single-page group IV TIFFs in at least 300 dpi for black and white images, or .JPG for images produced in color;

- All images will be produced in black and white subject to a party requesting a color copy of a produced image originally prepared in color;

- TIFFs and JPEGs should be named according to the Bates number for that page (*e.g.*, BCG0000001.tif, BCG0000002.jpg);

- Bates stamping, where required, should be located on the bottom right of each page (TIFF or JPEG) and confidentiality endorsements, where required, should be located on the bottom left of each page (TIFF or JPEF). The Bates number and confidentiality endorsements should be in Arial, bold, and size 12 font and must not obscure any part of the underlying content;

- Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

- Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No., End Bates No., Attach Begin, Attach End, Attach File Names, Attach Count, Page Count, From/Author, To/Recipient(s), CC, BCC, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Sort Date, Sort Time, Email Subject, Email Priority, Custodian, Custodian_All, File Name, Document Title, Document Created Date, Document Created Time, Document Last Modified Date, Document Last Modified Time, Document Last Accessed Date, Document Last Accessed Time, File Type, Time Zone, Text Link (path to text), Native Link (path to native file), Original File Path, Conversation Thread Index, MD5/SHA1 Hash;

- MS Excel, MS PowerPoint, MS Access, and comparable spreadsheet, presentation, and database files, audio and video files, .dwg files, and other files that do not render well when printed shall be produced in native format to the extent they do not include privileged redactions. The native files should have the same name as the corresponding placeholder TIFF images, with the associated file extension (*e.g.*, BCG0000003.pptx), any passwords for access should be provided to the receiving party, and the native file path should be included in the Native Link metadata field; and

11

- A party may make a reasonable request to receive additional document in its native format.

- Load files should contain the above fields agreed upon by the parties and should utilize the following delimiters:

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |

- Hard copy paper documents should be scanned, logically unitized, organized to maintain familial relationships, and produced with the metadata described above, to the extent available, including the Beg Bates No., End Bates No., Bates Range, Bates Parent ID, Attach Begin, Attach End fields.

- Production volumes should contain three folder levels. The top-level folder should be named with a "VOL" prefix followed by a three-digit number sequence (*e.g.*, D:\VOL001). The first sub-folder level should contain folders for each data type in the production volume, *i.e.*, DATA, NATIVES, TEXT, IMAGES (*e.g.*, D:\VOL001\DATA). The second sub-folder level should contain NATIVE, TEXT, and IMAGES sub-directories suffixed with a four digit numbered sequence (*e.g.*, D:\VOL001\NATIVES\NATIVES0001) and containing no more than 2,500 items each. The DATA subdirectory (*e.g.*, D:\VOL001\DATA) should contain data and image load files directly on the folder root.

**General Data Protection Regulation**: The Parties recognize that certain documents and information may be subject to protections under the General Data Protection Regulation and/or other privacy laws regulating the collection, review, and production of documents. The Parties recognize that they will comply with all such laws and that those laws may limit the scope, form, and/or timing of the production of documents and information (including electronic discovery addresses below).

**Non-Custodial Electronically-Stored Information**: The Parties shall search for and produce non-privileged electronically-stored information ("ESI") responsive to one another's document requests consistent with their obligations under the Federal Rules of Civil Procedure and any court orders, or other agreements among the Parties.

MF-370284305

**Email/Electronic Communications**: The Parties have discussed the need for and scope of production of email and other forms of electronic communication ("Email").  The Parties have agreed that they shall discuss the need for and scope of production and shall submit a proposed ESI Order to the Court, noting any open disputes, by the deadline set forth in the scheduling order entered by the Court.

**Reasonably Accessible**: To reduce the burdens and costs of preservation and to ensure proper ESI is preserved, the parties agree that ESI from certain data sources will be considered as not reasonably accessible because of undue burden or cost pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), and for purposes of this litigation the parties agree that they need not preserve or produce deleted data remaining in fragmented form only accessible by forensics and need not produce, absent a showing of good cause, the following: (i) recorded voice messages, (ii) back-up tapes intended for data recovery purposes; or (iii) data remaining on systems no longer in use that is unintelligible on systems in use.

**Protective Order**: The parties agree to negotiate, in good faith, a formal Protective Order and to submit that Protective Order to the Court, noting any open disputes, by the deadline set forth in the Scheduling Order.

### B.    Additional Agreements Regarding Claim Construction Pursuant to Patent Local Rule 2-1

The parties propose the following with respect to the matters listed in the Rules of Practice for Patent Cases 2-1:

**Technology Tutorial**: The Parties will meet and confer regarding the need for a technical tutorial in conjunction with claim construction proceedings and will submit any tutorials by the Court-ordered deadline.

13

MF-370284305

**Live Testimony**: The parties do not currently believe there will be a need for live testimony at the claim construction hearing.

**Limits on Claim Construction Discovery**: The Parties agree that any fact witness or expert who submits one or more declarations in connection with claim construction shall be subject to a deposition of up to four (4) hours per declaration. These depositions shall be limited to the expert's credentials and claim construction positions disclosed in their declarations and shall not count toward the fact or expert deposition limits set forth above.

**Order of Presentation at Claim Construction Hearing**: The parties agree that the claim construction hearing will proceed claim term by claim term with Plaintiff presenting first for each term, except that Defendants will present first on any issue of indefiniteness, unless otherwise agreed.

**Claim Construction Prehearing Conference**: The Parties will propose a date for a Claim Construction Pre-hearing Conference in the Scheduling Order and a date by which to advise the Court whether such conference is necessary.

**AIA or post AIA**: The Asserted Patents are governed by post-AIA law regarding issues of 35 U.S.C. § 102.

> **C.     When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff anticipates sending interrogatories and requests for production to each of Defendants. Plaintiff may serve subpoenas for production of documents on third parties depending on his continuing reasonable investigation and discovery.

> **D.     When and to whom the defendants anticipate they may send interrogatories and requests for production.**

Defendants anticipate serving interrogatories and document requests on Plaintiff.

> **E.     Of whom and by when the plaintiff anticipates taking oral**

14

MF-370284305

> **depositions, and whether they can be done by remote means, such as by Zoom.**

Plaintiff anticipates deposing Defendants and Defendant's officers and employees. Plaintiff currently intends to depose Defendant witnesses in person. Plaintiff may take other depositions depending on his continuing reasonable investigation and discovery and is amenable to discussing whether any of those additional depositions may be done by remote means.

> **F.    Of whom and by when the defendants anticipate taking oral depositions and whether they can be done by remote means, such as by Zoom.**

Defendants anticipate deposing Plaintiff. Defendants currently intend to depose Plaintiff in person. Defendants may take other depositions depending on their continuing reasonable investigation and discovery, and are amenable to discussing whether any of those additional depositions may be done by remote means.

> **G.    Any threshold issues—such as limitations, jurisdiction, or immunity that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will likely take.**

**Operative Complaint**: There is currently a dispute regarding the operative complaint in this case. On August 26, 2025, Rady filed this lawsuit. D.I. 1. The Court extended Defendants' deadline to respond. D.I. 13. On October 27, 2025, before any defendant had responded, Plaintiff filed a First Amended Complaint. D.I. 25. On December 12, 2025, Pan Industrial moved to dismiss Plaintiff's claims against it. D.I. 34. Plaintiff then purported to file a Second Amended Complaint. D.I. 44. Defendants contend that Plaintiff's purported filing of the Second Amended Complaint was improper under Federal Rule of Civil Procedure 15 because Plaintiff filed it without leave of court or consent of Defendants. *See* Fed. R. Civ. P. 15. Counsel for BCG informed Plaintiff that the Second Amended Complaint was filed in violation of Federal Rule of Civil Procedure 15 and inoperative, but Plaintiff refused to withdraw it, seek leave of

15

MF-370284305

Court to file it, or seek consent of Defendants.  Counsel for Brilliant Earth similarly informed Plaintiff that the Second Amended Complaint was filed in violation of Federal Rule of Civil Procedure 15 and inoperative, but Plaintiff did not respond.  On February 5, 2026, Pan Industrial filed a reply in further support of its motion to dismiss and moved to strike Plaintiff's Second Amended Complaint.  D.I. 51.  Pan Industrial's motion is pending and the Court has indicated that it will hear argument on that motion at the upcoming June 25, 2026, initial conference.

**Personal Jurisdiction**: BCG, De Beers / Anglo, Signet, Origyn, Pan Industrial, and Brilliant Earth contend the Court does not have personal jurisdiction over them in this case and intend to move to dismiss on that ground.

**Statutory Venue (28 U.S.C. § 1400(b))**: BCG and Brilliant Earth contend that venue is improper for Rady's patent infringement claims pursuant to 28 U.S.C. § 1400(b) and intend to move to dismiss or transfer on that basis.

**Forum *Non Conveniens* / Transfer (28 U.S.C. § 1404(a))**:  BCG, De Beers / Anglo, and Signet contend that the claims against them, should be transferred to the Southern District of New York and intend to move on that basis.  The Origyn Foundation contends that it is not subject to personal jurisdiction in any United States judicial district, so that the claim against it must be dismissed and cannot be transferred to another district.  Brilliant Earth intends to join BCG's motion to transfer, in the alternative to its motion to dismiss Rady's complaint.

### H.    Any experts needed on issues other than attorneys fees

Defendants anticipate that experts may be needed in connection with at least claim construction, infringement/non-infringement, validity/ invalidity, and damages.

### I.    If medical experts are needed, whether they are only treating physicians or also designated on other issues.

The Parties do not anticipate the need for medical experts.

16

**J.** **When the plaintiff (or the party with a burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsible experts and to provide their reports.**

The Parties propose the designation of experts and provision of Rule 26(a)(2)(B) reports in accordance with the Federal Rules and by the deadlines provided for in the Scheduling Order entered by the Court.

**K.** **List expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by Zoom.**

The Parties propose the completion of expert depositions by the deadlines provided for in the Scheduling Order entered by the Court. The Parties expect the depositions of experts to be in person.

**L.** **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by Zoom.**

The Parties propose the completion of expert depositions by the deadlines provided for in the court's scheduling order. Defendants expect the depositions of Plaintiff's experts to be in person.

**M.** **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Pan Industrial Platforms LLC's members are residents or citizens of the State of California, the State of Texas and New Zealand. Pan Industrial Services LLC, formerly known as Pan Industrial LLC's members are residents or citizens of the State of California, the State of Texas and New Zealand.

MF-370284305

       **N.**       **If the parties are not agreed on part of the discovery plan, describe the separate views and proposals of each party**

This is addressed above in Part 10(A).

**11.**      **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been completed.

**12.**      **State the date the planned discovery can reasonably be completed.**

The Parties propose that fact and expert discovery be completed by the deadlines set forth in the Scheduling Order entered by the Court.

**13.**      **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The Parties did not discuss potential settlement during the Rule 26(f) conference.

**14.**      **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties anticipate that mediation at a later stage in this case may prove useful in potentially resolving the claims.

**15.**      **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Defendants do not agree to trial before a magistrate judge.

**16.**      **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a demand for trial by jury of all issues so triable.

**17.**      **Specify the number of hours it will take to present the evidence in this case.**

There are currently 11 defendants named in this case, many of which are improperly joined.  Though the parties anticipate that many defendants will be severed prior to trial, if this case proceeds to trial with all 11 defendants, the Parties anticipate requiring approximately 7-8

MF-370284305

days.  Defendants reserve all rights to seek severance, separate trials, claim narrowing, or other case-management relief as appropriate.

**18.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are two pending motions that the Court has indicated it will hear argument on at the initial scheduling conference:

| Movant | Motion | D.I. |
|---|---|---|
| PAN Industrial | PAN Industrial's Motion to Dismiss First Amended Complaint | 34 |
| PAN Industrial | PAN Industrial's Motion to Strike Plaintiff's Second Amended Complaint | 51 |

**19.    List other motions pending.**

There are two pending motions:

| Movant | Motion | D.I. |
|---|---|---|
| PAN Industrial | PAN Industrial's Motion to Dismiss First Amended Complaint | 34 |
| PAN Industrial | PAN Industrial's Motion to Strike Plaintiff's Second Amended Complaint | 51 |

**20.    List issues or matters, including discovery, that should be addressed at the conference.**

Defendants' responses are due June 30, 2026, and Defendants currently anticipate filing at least the below additional motions at that time:

| Defendant | Expected Motion |
|---|---|
| BCG | Motion to Dismiss Based on Lack of Personal Jurisdiction, Improper Venue (28 U.S.C. § 1400(b)), Invalidity, and Failure to State a Claim |

MF-370284305

|  | Motion to Transfer to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) |
| --- | --- |
| BRILLIANT EARTH | Defendant Brilliant Earth's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer to the Southern District of New York and Partial Joinder in Co-Defendants' Motion to Dismiss or Transfer |
| SIGNET | Defendant Signet Jewelers Limited's Motion to Dismiss Plaintiff's First Amended Complaint of, in the Alternative, to Transfer to the Southern District of New York and Partial Joinder in Co-Defendants' Motion to Dismiss or Transfer |
| DE BEERS / ANGLO | Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, to Transfer to the Southern District of New York |
| ORIGYN FOUNDATION | Defendant Origyn Foundation's Motion to Dismiss for Lack of Personal Jurisdiction |

In view of the myriad motions already pending or about to be filed, the Parties agreed during the Rule 26(f) conference to seek the Court's permission to stay discovery and to submit a proposed Scheduling Order within fourteen (14) days following the Court's resolution of Defendants' forthcoming motions to dismiss and/or transfer. The Parties further agreed that if any motion remains unresolved ninety (90) days after the briefing on the last of said motions is complete, the Parties will jointly request a status conference with the Court to secure the Court's guidance on continuation of the stay or entry of a scheduling order.[5] The Parties agree that exchange of initial disclosures, discovery, claim construction, and other substantive activity should not take place until resolution of the above motions because:

- These motions raise substantial questions regarding whether the Court has personal jurisdiction over multiple defendants.

- These motions raise a substantial question as to whether venue in this Court is proper under 28 U.S.C. § 1400(b) for multiple defendants.

---

[5] For the sake of clarity, the Parties understand that resolution of any motion to dismiss on 28 U.S.C. § 101 grounds may be a determination by the Court to defer resolution that motion until later in the case.

MF-370284305

- These motions raise a substantial question as to whether the Asserted Patents are invalid based on 35 U.S.C. § 101.

- Resolution of these motions may result in the dismissal of one or more defendants, one or more claims, and at a minimum narrow and simplify the issues in dispute.

- Resolution of these motions will determine whether, if any claims move forward, those claims will move forward in this Court or will be transferred to and move forward in the Southern District of New York.

All Defendants reserve the right to seek appropriate sequencing, staging, severance, or other case-management relief based on the Court's resolution of pending motions and any individualized issues relating to particular Defendants.

**21.    Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

The Parties expect to file their disclosure of interested persons with their forthcoming responses to Plaintiff's complaint.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

MF-370284305

| Party | Counsel |
| --- | --- |
| Plaintiff | SOREY & HOOVER, LLP<br>Karl Rupp (Texas SBN 24035243)<br>133 E. Tyler Street<br>Longview, Texas 75601<br>Telephone: 903.230.5600<br>Facsimile: 903.230.5656<br>krupp@soreylaw.com<br><br>WHITEFORD, TAYLOR, & PRESTON, LLP<br>Steven E. Tiller (pro hac vice)<br>stiller@whitefordlaw.com<br>Peter J. Davis  (pro hac vice)<br>pdavis@whitefordlaw.com<br>Seven Saint Paul Street – Suite 1500<br>Baltimore, Maryland 21202-1636<br>Telephone: 410.347.8700 |
| Boston Consulting Group, Inc. | MORRISON & FOERSTER LLP<br>Aaron G. Fountain (Texas SBN 24050619)<br>300 Colorado Street, Suite 1800<br>Austin, TX 78701<br>Tel. 512-617-0650<br>afountain@mofo.com<br><br>Kyle Mooney (*pro hac vice*)<br>250 West 55th Street<br>New York, NY 10019-9601<br>Tel. 212-468-8000<br>kmoony@mofo.com<br><br>Audra Sawyer (*pro hac vice*)<br>Charles Provine (*pro hac vice*)<br>2100 L St NW, Suite 900<br>Washington, DC 20037<br>Tel. 202-887-1500<br>asawyer@mofo.com<br>cprovine@mofo.com |

22

| Party | Counsel |
|-------|---------|
| De Beers Plc, d/b/a Beers Group;<br>De Beers Jewelers (US), Inc.;De Beers Uk Limited;<br>Anglo American PLC | VENABLE LLP<br>Christopher P. Borello (TX SBN 3950605)<br>Joshua Daniel Calabro<br><br>151 W. 42nd Street<br>New York, NY 10036<br>212-218-2574<br>Email: cborello@venable.com |
| Origyn Foundation; | EVERSHEDS SUTHERLAND (US) LLP<br><br>Bradford K. Newman<br>Peter Meier<br>Christin Kim<br>101 California Street, Suite 4750<br>San Francisco, California 94111<br>Tel: (415) 651-7146<br>bradfordnewman@eversheds-sutherland.com<br>petermeier@eversheds-sutherland.com<br>christinkim@eversheds-sutherland.com<br>Stacey M. Mohr<br>600 Peachtree Street, NE, Suite 5200<br>Atlanta, Georgia 30308<br>Tel: (404) 853-8000<br>staceymohr@eversheds-sutherland.com<br><br>Jim L. Silliman (TX SBN 24081416)<br>1001 Fannin Street, Suite 3700<br>Houston, TX 77002<br>Tel: (713) 470-6100<br>jimsilliman@eversheds-sutherland.com |

MF-370284305

| Party | Counsel |
|---|---|
| Signet Jewelers Limited | KANE RUSSELL COLEMAN LOGAN<br>Bruce C. Morris (TX SBN 14469850)<br>5151 San Felipe Street<br>Suite 800<br>Houston, TX 77056<br>713-425-7450<br>Fax: 713-425-7700<br>Email: bmorris@krcl.com<br><br>QUARLES & BRADY LLP<br>Christian G. Stahl (pro hac vice)<br>411 E. Wisconsin Avenue<br>Suite 2400<br>Milwaukee, WI 53202<br>312-715-5220<br>Email: Christian.stahl@quarles.com<br><br>Kent Dallow (pro hac vice)<br>8744 Kendrick Castillo Way<br>Suite 560<br>Highlands Ranch, CO 80129<br>Email: kent.dallow@quarles.com |
| Brilliant Earth | YETTER COLEMAN LLP<br>M. Natalie Alfaro Gonzales (TX SBN 24069286)<br>Bailey Watkins<br>Jeffrey A. Andrews<br>811 Main Street<br>Suite 4100<br>Houston, TX 77002<br>713-632-8023<br>Fax: 713-632-8002<br>Email: ngonzales@yettercoleman.com |

MF-370284305

| Party | Counsel |
|---|---|
| Pan-Industrial LLC; <br> Pan Industrial Platforms LLC; <br> Pan Industrial Services LLC | PARKER SANCHEZ & DONNELLY PLLC <br> Charles A. Parker <br> Charles R. Parker <br> 700 Louisiana Street <br> Ste 4520 <br> Houston, TX 77002 <br> 713-659-7200 <br> Fax: 713-659-7203 <br> Email: andy@parkersanchez.com <br><br> BAUMAN LAW GROUP <br> Katrina D. Loyer <br> Timothy C. Bauman <br> 141 Parkway Rd. <br> Suite 8 <br> Bronxville, NY 10708 <br> 914-337-1715 <br> Email: kloyer@baumanlawgroup.com |

MF-370284305

Dated: June 24, 2026                          Respectfully submitted,


/s/ *Karl Rupp*                               /s/ *Aaron G. Fountain*
Karl A. Rupp (TX SBN 24035243)                Aaron G. Fountain (TX SBN 24050619)
Sorey & Hoover LLP                            Morrison & Foerster LLP
133 E. Tyler Street                           300 Colorado Street, Suite 1800
Longview, TX 75601                            Austin, TX 78701
903-230-5600                                  Tel. 512-617-0650
Email: krupp@soreylaw.com                     afountain@mofo.com


Peter Davis                                   Kyle Mooney (*pro hac vice*)
Whiteford, Taylor & Preston, LLP              250 West 55th Street
Seven Saint Paul St                           New York, NY 10019-9601
Ste 1500                                      Tel. 212-468-8000
Baltimore, MD 21202-1636                       kmooney@mofo.com
410-347-8738
Email: pdavis@whitefordlaw.com                Audra Sawyer *(pro hac vice)*
                                              Charles Provine *(pro hac vice)*
Steven E. Tiller                              2100 L St NW, Suite 900
Seven Saint Paul Street                       Washington, DC 20037
Suite 1500                                    Tel. 202-887-1500
Baltimore, MD 21202-1636                       asawyer@mofo.com
410-347-9425                                  cprovine@mofo.com
Email: stiller@wtplaw.com


*Attorneys for Plaintiff*                      *Attorneys for Defendant*
*Dr. Max. A. Rady*                            *Boston Consulting Group, Inc.*

26

/s/ *M. Natalie Alfaro Gonzales*
M. Natalie Alfaro Gonzales
(TX SBN 24069286)
Bailey Watkins
Jeffrey A. Andrews
Yetter Coleman LLP
811 Main Street
Suite 4100
Houston, TX 77002
713-632-8023
Fax: 713-632-8002
Email: ngonzales@yettercoleman.com

*Attorneys for Defendant*
*Brilliant Earth*

/s/*Christopher P. Borello*
Christopher P. Borello
(TX SBN 3950605)
Joshua D. Calabro
Venable LLP
151 W. 42nd Street
New York, NY 10036-6563
212-307-5500
Email: jdcalabro@venable.com

*Attorneys for Defendants*
*De Beers PLC*
*De Beers Jewelers*
*De Beers UK Limited*
*Anglo American PLC*

27

/s/ _Katrina D. Loyer_____
Katrina D. Loyer
Timothy C. Bauman
Bauman Law Group
141 Parkway Rd.
Suite 8
Bronxville, NY 10708
914-337-1715
Email: kloyer@baumanlawgroup.com

Charles A. Parker
Charles R. Parker
Parker Sanchez & Donnelly PLLC
700 Louisiana Street
Ste 4520
Houston, TX 77002
713-659-7200
Fax: 713-659-7203
Email: andy@parkersanchez.com

*Attorneys for Defendants*
*Pan-Industrial LLC*
*Pan Industrial Platforms LLC*
*Pan Industrial Services LLC*

/s/ _Bradford K. Newman_____
Bradford K. Newman
Peter Meier
Christin Kim
101 California Street, Suite 4750
San Francisco, California 94111
Tel: (415) 651-7146
bradfordnewman@eversheds-sutherland.com
petermeier@eversheds-sutherland.com
christinkim@eversheds-sutherland.com
Stacey M. Mohr
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308
Tel: (404) 853-8000
staceymohr@eversheds-sutherland.com
Jim L. Silliman (TX SBN 24081416)
EVERSHEDS SUTHERLAND (US) LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002
Tel: (713) 470-6100
jimsilliman@eversheds-sutherland.com

*Attorneys for Defendant*
*Origyn Foundation*

MF-370284305

/s/  *Bruce C. Morris*
Bruce C. Morris (TX SBN 14469850)
Kane Russell Coleman Logan
5151 San Felipe Street
Suite 800
Houston, TX 77056
713-425-7450
Fax: 713-425-7700
Email: bmorris@krcl.com

QUARLES & BRADY LLP
Christian G. Stahl (pro hac vice)
411 E. Wisconsin Avenue
Suite 2400
Milwaukee, WI 53202
312-715-5220
Email: Christian.stahl@quarles.com

Kent Dallow (pro hac vice)
8744 Kendrick Castillo Way
Suite 560
Highlands Ranch, CO 80129
Email: kent.dallow@quarles.com

*Attorneys for Defendant*
*Signet Jewelers Limited*

29

MF-370284305

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 24th day of June, 2026.

/s/ Karl Rupp
Karl Rupp

MF-370284305